**Petition of David S. MADSEN, Owner of a Correct Craft utility inboard motorboat, her engines, etc., for exoneration from or limitation of liability, civil and maritime.**

**Civ. No. 7844.**

United States District Court
N. D. New York.
Sept. 23, 1960.

---

**412**

Maynard, O'Connor & Smith, Schenectady, N. Y., J. Vincent Smith, Schenectady, N. Y., of counsel, for petitioner.

Charles S. Tracy, Amsterdam, N. Y., Carter & Conboy, Cohoes, N. Y., by James S. Carter, Cohoes, N. Y., of counsel, for Arvid E. Anderson, Individually and as Guardian ad Litem of Arvid E. Anderson, Jr.

JAMES T. FOLEY, District Judge.

This proceeding for limitation of liability (46 U.S.C.A. § 183 et seq.) arises from a boating accident that occurred August 1, 1959, on Lake Pleasant, Hamilton County, New York. Arvid E. Anderson, Jr., was riding on water skis behind a motorboat owned and operated by Arvid E. Anderson, I assume his father, when he was struck by a pleasure speed boat operated by Andrew A. Madsen and owned by his father, David S. Madsen. The petitioner, David S. Madsen, in these proceedings seeks to be exonerated from or to limit his liability as vessel owner pursuant to the pertinent federal statutes. On August 6, 1959, two actions were commenced in Supreme Court, Hamilton County, New York, a representative one for the injured infant, Arvid E. Anderson, Jr., claiming severe injuries, and the usual derivative one by the father against David Madsen. On August 26, 1959, answers were filed by David Madsen in both State actions. Thereafter, the petition under the federal Limitation of Liability Statutes was filed in this United States District Court. According to an affidavit filed herein by the proctors for the Andersons, an order based on the petition for limitation was signed by Chief Judge Brennan requiring proof of claim and staying prosecution of the state actions. See Pershing Auto Rentals, Inc. v. Gaffney, 5 Cir., 279 F.2d 546, 552. It is clear that only two claims could possibly exist as a result of the accident. The claimants have filed an answer to the petition specifically denying jurisdiction in this Court of this limitation proceeding because of the nature and locale of Lake Pleasant. It is an important problem for this District Court, which has within its geographical area of twenty-nine counties myriad interior lakes of New York State. Pleasure boating, now within the means of the average person, is on the increase in each of these lakes, and inevitably, in my judgment, as highway accidents multiplied from the ownership and use of more automobiles, so will the small pleasure boat accidents.

I have had several of these proceedings instituted with me, and in In re Reading's Petition (The Crow's Nest IIA), D.C., 169 F.Supp. 165, affirmed 2 Cir., 271 F.2d 959, I expressed my thoughts as to my difficulty to relate the principle of limitation to encourage investment in shipping and shipbuilding with the hap-

pening of these small boat accidents where the owner is a private individual usually covered by insurance. I am sure the ever-growing number of purchasers of these small pleasure craft do not check the limitation statutes before they purchase and never will. The financial protection and regulation necessary to alleviate the burden of society where the widow and orphan, maimed and crippled, are with us as a result of unfortunate highway accidents seem to me just as important in these boating accidents. Much of the complexity in this respect is for the legislative wisdom to solve, with realization that the general legislation on limitation may have harsh and oppressive impact in certain circumstances that may fairly and equitably be removed. Petition of Colonial Trust Co., D.C., 124 F.Supp. 73. For example, the absent owner of the automobile may be responsible for the negligence of the authorized operator in New York. See In re Petition of Hocking, D.C., 158 F.Supp. 620.

In several instances where limitation proceedings were before me there was confusion in the minds of the Court and the lawyers as to the procedures and rights where jurisdiction was not questioned but the right to limitation under the particular facts was an issue and challenged by the claimants. There is recent helpful and persuasive reasoning in Pershing Auto Rentals, Inc. v. Gaffney, supra, 279 F.2d at page 552:

> "We suspect that back of this strenuous effort to get the right to try these actions first in the state court is the apprehension that unless it is done in this fashion the plaintiff-claimants will be irrevocably denied their right to jury trials even though they succeed in their confident expectation of defeating limitation on the merits. But this is a misapprehension erroneously deduced from the acknowledged power of the admiralty court to adjudicate the whole case and grant full relief even though limitation is denied. This is a protection to those compelled under the monition and re-

straining orders to litigate in an unchosen forum. The claimants are the ones to determine whether such full relief from the admiralty is desired or needed. If they do not desire it, the admiralty court in its decree denying the right to limitation can make certain that they are free to pursue the petitioner in any other forum having requisite jurisdiction. This is precisely the holding of the Second Circuit in In re Wood's Petition, supra, 230 F.2d 197, at page 199."

See also Val Marine Corp. v. Costas, 2 Cir., 256 F.2d 911, 915, note 5. This review has no bearing on the narrow issue presented by the motion of the claimants here to dismiss for lack of jurisdiction. It is stated solely with the hope it may have some value as a chart or possible guide in future limitation proceedings in this District.

It is the resolute—and to me somewhat ingenious—contention of the proctors for the petitioner that Section 183 of 46 U.S. C.A. gives the right to "the owner of any vessel" to seek the benefits of limitation regardless of the public navigability of the waters in the federal sense. He stoutly maintains that the tie-in of the owners of all vessels used on lakes by Section 188, with the provisions of Section 183, separates the limitation of liability statutes from the general and maritime jurisdiction with its settled concept of public navigation in the federal sense. It is interesting to note that to follow this reasoning to logical conclusion would put the limitation statutes within reach of every boat owner on every inland and interior lake of New York, no matter its connection or possible connection with maritime commerce.

There is old, established judicial authority contrary to this contention which sets the limits of territorial jurisdiction and operation of the law of limited liability. The oft-quoted definition of navigable waters of the United States which, under our system of dual sovereignty, is the underlying essential for federal jurisdiction in maritime matters

is contained in The Daniel Ball, 1870, 10 Wall. 557–563, 19 L.Ed. 999:

"And they constitute navigable waters of the United States within the meaning of the Acts of Congress, in contradistinction from the navigable waters of the States, when they form in their ordinary condition by themselves, or by uniting with other waters, a continued highway over which commerce is or may be carried on with other states or foreign countries in the customary modes in which such commerce is conducted by water."

This definition was reiterated in The Montello, 1874, 20 Wall. 430, 439, 22 L.Ed. 391, and endorsed in United States v. Appalachian Electric Power Co., 1940, 311 U.S. 377, 406, 61 S.Ct. 291, 85 L.Ed. 243. 1 Benedict on Admiralty, 6th Ed., pgs. 92, 96. It is so settled, in my judgment, that it is taken for granted as the needed basis for the attachment of general admiralty and maritime jurisdiction. There are, of course, situations where the navigability in fact of use or susceptibility of use under the definition in interstate or foreign commerce depends on evidence.

Mr. Justice Holmes relates the source of power of the Congress to legislate upon the subject of limitation of liability both to the power to regulate commerce and the clause in the Constitution extending the "judicial power to 'all cases of admiralty and maritime jurisdiction.'" The Hamilton, 1907, 207 U.S. 398, 404, 28 S.Ct. 133, 134, 52 L.Ed. 264. Before that the relationship of the law of limited liability to our maritime code with the same territorial reach was expressed in Butler v. Boston & Savannah Steamship Co., 1889, 130 U.S. 527, 557, 9 S.Ct. 612, 619, 32 L.Ed. 1017:

"It being clear, then, that the law of limited liability of ship-owners is a part of our maritime Code, the extent of its territorial operation (as before intimated) cannot be doubtful. It is necessarily co-extensive with that of the general admiralty and maritime jurisdiction, and that

by the settled law of this country extends wherever public navigation extends, on the sea and the great inland lakes, and the navigable waters connecting therewith."

■ This circumscription of territorial operation was followed in Ex parte Garnett, 1891, 141 U.S. 1, 12, 14, 15, 11 S.Ct. 840, 35 L.Ed. 631, emphasizing that the law of limited liability is part of the maritime law of the United States, and by judicial decision such admiralty and maritime jurisdiction is not limited to tidewaters, but extends to all public lakes and rivers, in that instance the Savannah River. Another important case directly excluding the interior lakes of New York from these definitions of public waters of the United States is The Robert W. Parsons, 191 U.S. 17, 28, 24 S.Ct. 8, 48 L.Ed. 73. See also In re Keller's Petition, D.C., 149 F.Supp. 513, 516.

I am firmly convinced that the expansion of limited liability into the interior lakes of New York without natural ingress or egress to commerce is untenable under settled and clear judicial construction. Common sense is also involved and "common sense often makes good law". Peak v. U. S., 353 U.S. 43, 46, 77 S.Ct. 613, 615, 1 L.Ed.2d 631. In some instances, objection to jurisdiction on this ground is not made in a limitation proceeding. None was made in The Crow's Nest IIA, supra, where the accident happened on Lake George, but there is reasoned judicial writing in New York that the Ticonderoga River is a navigable outlet to Lake Champlain. People v. System Properties, Inc., 281 App.Div. 433, 444, 120 N.Y.S.2d 269, modified and affirmed 2 N.Y.2d 330, 160 N.Y.S.2d 859, 141 N.E.2d 429.

■■ In answer to the affidavit of the proctors for the claimants-respondents, Anderson, with attached copy of a New York State Conservation Department map of Lake Pleasant in support of the claim that Lake Pleasant is a small landlocked lake in the center of the Adirondack Mountains, the proctor for peti-

tioner Madsen has submitted the Findings and Order of the U. S. Power Commission, dated April 18, 1949, concerning navigable water of the United States in the Sacandaga River-Conklingville Reservoir area. It is submitted with strict reservation by letter that such submission is no retreat from the prime contention of the petitioner previously discussed. Further, the request is that it is not to be considered as an inconsistency to unqualified interpretation of the limitation Act that the petitioner seeks that all owners of vessels on all lakes are within its provisions. I shall file the formal decision of the Power Commission with the Clerk as Court Exhibit 1. In my opinion, Finding 8 of the Power Commission decision limiting the Sacandaga River, in its natural condition, as a navigable water of the United States from Northville, at the head of the Conklingville Reservoir, to its mouth at Hadley, New York, supports the claim of the claimants-respondents that Lake Pleasant is not a navigable water in fact of the United States. A simple road map of the area for 1960 which also shall be filed by the Clerk as Court Exhibit 2 shows Hadley in Saratoga County, Northville in Fulton County, and Lake Pleasant a substantial distance from Northville to the northwest. There is no finding by the Commission that the Sacandaga River is a navigable water of the United States from Northville to Lake Pleasant in its ordinary and natural condition. I suppose the words susceptible to being used as highways of commerce could be strained to the utmost in these situations to visualize miniature canal possibilities. However, the Limitation Act must be so construed as not to thwart the pursuit of common-law remedy in the State Court with trial by jury, which remedy is expressly reserved in maritime matters to such suitors by federal law unless the right and need for limitation is clearly shown. Lake Tankers Corp. v. Henn, 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246; Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368.

The motion to dismiss the limitation proceeding herein for lack of jurisdiction is granted with costs. An order to such effect shall be submitted by the Proctors for claimants-respondents also vacating the previous order or orders signed and filed in this proceeding.