**Lorraine A. SHOGRY and Nevin J. Shogry, her husband, Libellants,**

v.

**Howard T. LEWIS, Jr., Respondent.**

**No. 63–21.**

United States District Court
W. D. Pennsylvania.

Jan. 23, 1964.

Wirtzman, Sikov & Love, Pittsburgh, Pa., for libellants.

Weis & Weis, Pittsburgh, Pa., for respondent.

WILLSON, District Judge.

Libellants, husband and wife, and respondent, are individuals residing in Allegheny County and are citizens of Pennsylvania. Libellants have filed a libel in personam against respondent based on an accident occurring on September 3, 1961 on Lake Chautauqua, a body of water located in the County of Chautauqua, State of New York.

The admiralty jurisdiction of the court is invoked in paragraph 1 of the libel which reads:

"1. Jurisdiction is asserted in Admiralty of this cause of action for which a maritime tort cognizable under the general maritime laws and the Admiralty jurisdiction has provided in the Constitution in general Admiralty law of the United States."

In the remaining paragraphs of the libel it is alleged that the wife was riding as a passenger in the front seat of an 18 foot Century Inboard Motorboat owned and operated by respondent when respondent suddenly and negligently made a sharp turn to the right and, as a result, the wife libellant was thrown out of the motorboat and was struck by the propeller of the boat and sustained certain injuries. Count 1 seeks damages for the injury sustained by the wife and Count 2 seeks damages for the expenses incurred by the husband and for loss of consortium.

Respondent has filed a motion to dismiss. The reason given is:

"There is no jurisdiction for admiralty in this case because the alleged tort occurred on an inland body of water not used for interstate commerce and not navigable to an interstate waterway."

When the motion came on for argument both sides desired to file supporting affidavits. A delay was granted and the affidavits in support of each respective position have been filed. Because the affidavits raise issues of fact the motion

to dismiss will be considered as a motion for summary judgment under Rule 58 of the Admiralty Rules.

The Court finds no genuine issue as to any material fact. From the libel and the affidavits it is certain that Lake Chautauqua is located in the State of New York and the County of Chautauqua in that State. Lake Chautauqua is a landlocked lake in the sense that it is not connected with any other navigable water which would permit commerce originating on the lake to pass into any other state or foreign country. Likewise, foreign commerce or commerce from other states will not pass into Lake Chautauqua by navigable water. Libellant has submitted a letter from Murray S. Stephens, Executive Vice President of the Jamestown Area Chamber of Commerce, which indicates that "in the present and immediate past there has been no use of the Lake and connecting waters for interstate commerce." Respondent has submitted an affidavit by Ernest D. Leet, a former Secretary, Vice President and Member of the Board of Directors of the Chautauqua Lake Association, Inc., for approximately ten years. He says:

"I have personal knowledge of the fact that Chautauqua Lake is a completely inland, landlocked lake which is not connected with Lake Erie nor any interstate commercial water system by means of any natural or artificial channels or streams, except the Conewango River and the Allegheny River water shed."

"The Chadakoin River or outlet of Chautauqua Lake is obstucted by two dams in the City of Jamestown and shallow riffles below the City Line and is not now 'navigable in fact'. It has not been used for any commercial navigation for upwards of seventy-five years."

Also, another affidavit of Glenn W. Waite who served for several years as a Director of the Chautauqua Lake Association, Inc., is to the same effect as the one submitted by Mr. Leet.

Libellants' counsel seems to be under the impression that if interstate commerce is in fact moving across a landlocked lake, then this court, under its admiralty jurisdiction, may entertain a suit. There is no doubt but what commerce takes place on Lake Chautauqua. There is a commercial ferry there which transports automobiles across the lake. Other vessels may be hired and passengers carried on sightseeing tours. Also, fishermen may charter boats. There is no doubt but what there is considerable tourist trade in the area of Lake Chautauqua and tourists from time to time use the ferry as a passenger vessel and also for the carriage of goods. It may be considered that interstate as well as domestic commerce moves on Lake Chautauqua.

It seems clear, however, that this court has no admiralty jurisdiction over Lake Chautauqua. Judge Foley in In re Madsen's Petition, 187 F.Supp. 411 (N.D.N. Y., 1960), held in regard to Lake Pleasant, a landlocked lake also in the State of New York, that his court had no jurisdiction as the lake was not within the navigable waters of the United States. He cited several decisions, but the principal one which the courts turn to and which was cited by him is The Daniel Ball, 10 Wall. 557, 563, 77 U.S. 557, 563, 19 L.Ed. 999, 1870, where the court held as follows in speaking of the admiralty jurisdiction of the federal courts:

"And they constitute navigable waters of the United States within the meaning of the acts of Congress, in contradistinction from the navigable waters of the States, when they form in their ordinary condition by themselves, or by uniting with other waters, a continued highway over which commerce is or may be carried on with other states or foreign countries in the customary modes in which such commerce is conducted by water."

See also The Montello, 1874, 20 Wall. 430, 439, 87 U.S. 430, 439, 22 L.Ed. 391; United States v. Appalachian Electric

Power Co., 311 U.S. 377, 61 S.Ct. 291, 85 L.Ed. 243, 1940.

In the instant case it is certain that the waters of Lake Chautauqua do not "form in their ordinary condition by themselves, or by uniting with other waters, a continued highway over which commerce is or may be carried on with other states or foreign countries in the customary modes in which such commerce is conducted by water." The respondent is entitled to judgment.