**MARINE OFFICE OF AMERICA**

**v.**

**Harold F. MANION.**

**No. 64–66.**

United States District Court
D. Massachusetts.

May 13, 1965.

———◆———

Leo F. Glynn, Boston, Mass., for libellant.

John P. Garrahan, Framingham, Mass., for respondent.

SWEENEY, Chief Judge.

The question presented in this case is whether the court's admiralty jurisdiction extends to Lake Winnipesaukee, New Hampshire. On June 17, 1963 the respondent was operating a 15-foot Chris-Craft Runabout owned by Donald J. Cregg and with permission of Mr. Cregg, when he collided with the Winter Harbor Yacht Club Dock. The boat was damaged

to the extent of $1000.00 which sum was paid to Mr. Cregg by the libellant which thereupon became subrogated to all claims of its insured. It brought this libel in admiralty alleging that the loss resulted from the negligence and fault of the respondent.

At the trial on the merits, the respondent moved to dismiss the libel on the grounds that there is no jurisdiction in admiralty as the alleged tort occurred on an inland body of water which is not navigable in interstate or foreign commerce. Since the motion must be allowed, it is unnecessary to resolve the conflicting contentions concerning the alleged negligence of the respondent.

 The parties are agreed that the admiralty jurisdiction of the federal courts extends to all waters that are navigable in interstate or foreign commerce, which "form in their ordinary condition by themselves, or by uniting with other waters, a continued highway over which commerce is or may be carried on with other States or foreign countries in the customary modes in which such commerce is conducted by water." The Daniel Ball, 10 Wall. (77 U.S.) 557, 563, 19 L.Ed. 999 (1871).

From an affidavit of the respondent it appears that Lake Winnipesaukee is located entirely within the State of New Hampshire, and that is landlocked in that it is not connected with any other navigable water which would permit commerce to move in interstate. Similar inland lakes have been held to be without the admiralty and maritime jurisdiction of the United States. Shogry v. Lewis, 225 F.Supp. 741 (W.D.Pa.1964); In re Madsen's Petition, 187 F.Supp. 411 (N.D. N.Y.1960). Loc-Wood Boat & Motors v. Rockwell, 245 F.2d 306 (8th Cir. 1957), cited by the libellant, does hold otherwise; but I do not find it persuasive.

Libellant also argues that Lake Winnipesaukee is a navigable water as navigation can proceed from it to the sea by way of the Winnipesaukee and Merrimack Rivers. But the libellant offered no evidence to support these contentions.

Nor was any evidence introduced to prove the libellant's assertion, even if it be relevant, that the Corps of Army Engineers have performed dredging operations in the Lake.

On the evidence submitted I find that Lake Winnipesaukee is not a navigable water within the admiralty jurisdiction of this court. The motion to dismiss the libel is accordingly allowed.