Richard OSEREDZUK
v.
WARNER COMPANY.
Civ. A. No. 70–672.

United States District Court,
E. D. Pennsylvania.
June 13, 1972.

Freedman, Borowsky & Lorry, by Arnold Levin, Philadelphia, Pa., for plaintiff.

Kelly, Deasey & Scanlon, by Robert G. Kelly, Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

CLIFFORD SCOTT GREEN, District Judge.

In this Jones Act[1] cause of action brought in this court under admiralty jurisdiction, defendant has moved to dismiss for lack of jurisdiction over the subject matter. Specifically, defendant argues that the body of water where the accident occurred is not "navigable" within the meaning of admiralty law. Upon consideration of oral argument, depositions and memoranda, we shall grant defendant's motion for the reasons set forth below.

The undisputed facts reveal that the plaintiff was injured while working on a tug which, along with several dredges and barges, plied Van Sciver Lake pursuant to dredging operations carried on by the defendant. Van Sciver Lake is a man-made, land-locked lake located on property owned by defendant, completely within the Commonwealth of Pennsylvania. The lake is one and one-half miles long and one-half mile wide and

1. 46 U.S.C. § 688 (1958).

is situated adjacent to Penn Manor Lake, which is smaller than Van Sciver Lake, and is itself adjacent to the Delaware River but is without navigational access to the River. Penn Manor Lake is also completely land-locked and does not flow into Van Sciver Lake. No boats, ships or vessels may enter or leave these two lakes by way of water.[2]

First, although not expressly noted in the statute, it is beyond doubt that a Jones Act cause of action does require, *inter alia,* the presence of a "navigable" body of water in order to confer federal jurisdiction. E. g., McKie v. Diamond Marine Co., 204 F.2d 132 (5th Cir. 1963); Gahagan Const. Corp. v. Armao, 165 F.2d 301 (1st Cir. 1948); 2 M. Norris, The Law of Seamen, § 688, at 301 (3rd ed. 1970); see generally Swanson v. Marra Bros., 328 U.S. 1, 66 S.Ct. 869, 90 L.Ed. 1045 (1946); G. Gilmore and C. Black, The Law of Admiralty § 6–21, at 283. (1957). Second, it is equally clear that in order to support admiralty jurisdiction this "navigable" body of water must constitute part of a continuous water system capable of sustaining interstate or foreign commerce. This requirement of navigability for admiralty jurisdiction was definitively set forth in The Daniel Ball, 10 Wall. 557, at 563, 77 U.S. 557 (1871), at 563, 19 L.Ed. 999:

> "And they constitute navigable waters of the United States within the meaning of the Acts of Congress, in contradistinction from the navigable waters of the States, when they form in their ordinary condition by themselves, or by uniting with other waters, a continued highway over which commerce is or may be carried on with other states or foreign countries in the customary modes in which commerce is conducted by water."

Under this standard, land-locked lakes located wholly within one state have consistently been found to be non-navigable within the meaning of admiralty law. Doran v. Lee, 287 F.Supp. 807 (W.D.Pa.1968); In Re Builders Supply Co., 278 F.Supp. 254 (D.C.Iowa 1968); Marine Office of America v. Manion, 241 F.Supp. 621 (D.Mass.1965); Shogry v. Lewis, 225 F.Supp. 741 (W.D. Pa.1964); Howser's Petition, 227 F. Supp. 81 (D.C.N.C.1964); Madsen's Petition, 187 F.Supp. 411 (N.D.N.Y.1960); *But see* Loc-Wood Boat and Motors v. Rockwell, 145 F.Supp. 848 (W.D.Mo. 1956), aff'd, 245 F.2d 306 (8th Cir. 1957). In each of the first five cases above, the court found a lack of admiralty jurisdiction because the land-locked lake was not connected with any other navigable water so as to constitute part of a navigation system over which interstate and foreign commerce could flow. Such cases, in our opinion, are persuasive authority for the granting of defendant's motion. This is especially so when the concept of federal admiralty jurisdiction is viewed in light of its derivation: *i. e.,* "the necessity of applying a *uniform* body of law in a field involving commercial relations between states and with foreign nations." Doran v. Lee, *supra,* 287 F.Supp. at 809 (emphasis supplied). The above cases, like the case before us, involved considerations of an exclusively local nature, devoid of substantial federal interest.

Plaintiff cites State of Utah v. United States, 403 U.S. 9, 91 S.Ct. 1775, 29 L.Ed.2d 279 (1971) for the proposition that a land-locked lake located completely within a state may be "navigable" for admiralty jurisdiction purposes. That case is plainly inapposite since the issue there was the ownership of the lake bed formerly covered by the Great Salt Lake and not whether the lake qualified as a navigable body of water in the admiralty jurisdiction context. Indeed, the Supreme Court expressly recognized the distinction between "navigability" for purposes of determining property rights and "navigability" for purposes of admiralty

---

2. See, however, n. 3, *infra.*

law and the Commerce Clause. The Court said:

> "Moreover, the fact that the Great Salt Lake is not part of a navigable interstate or international commercial highway in no way interferes with the principle of public ownership of its bed. United States v. Utah, 283 U.S. 64, 75, 51 S.Ct. 438, 440, 75 L.Ed. 844; United States v. Oregon, 295 U.S. 1, 14, 55 S.Ct. 610, 615, 79 L.Ed. 1267"

91 S.Ct. at 1776.

Similarly without merit is plaintiff's second argument against dismissal wherein he proposes that Van Sciver Lake is "navigable" within the meaning of admiralty law because it *could be* connected to an interstate commerce system by removing part of the narrow strip of land separating it from Penn Manor Lake and removing part of the land between Penn Manor Lake and the Delaware River. For this rationale of navigability based on possible future improvements, plaintiff cites United States v. Appalachian Electric Power Co., 311 U.S. 377, 61 S.Ct. 291, 85 L.Ed. 243 (1940). *See also* Economy Light and Power Co. v. United States, 256 U.S. 113, 41 S.Ct. 409, 65 L.Ed. 847 (1921). We need not consider the factual basis for plaintiff's contention [3] since we are of the opinion that admiralty jurisdiction must be determined at the time of the loss and that the concept of future interstate navigability propounded in *Appalachian Electric Power Co., supra,* relates only to the exercise of Congressional regulatory power under the Commerce Clause and not to the scope of the federal courts' powers pursuant to the grant of admiralty jurisdiction. As the Court stated in Doran v. Lee, *supra,* 287 F. Supp. at 811:

> "[T]he Commerce Clause of the Constitution . . . is a different constitutional power; it defines the pow-

ers of Congress to legislate but it cannot be used to enlarge the specific jurisdiction of the United States courts in admiralty. The powers of Congress to legislate are greater than the powers of the Federal courts to adjudicate."

*See generally* Guinn, "An Analysis of Navigable Waters of the United States," XVII Baylor Law Review, No. 4, Fall 1966.

River into Penn Manor Lake by dredging a hole in the land partition separating the two bodies of water and floating the barge through the gap.

---

3. Plaintiff's counsel asserted at oral argument and in his reply memorandum, with reference to a deposition, that a barge in fact was brought from the Delaware