Kimberly Ann **COOPER** et al., Plaintiffs,

v.

**UNITED STATES of America,
Defendant.**

No. 77–4173 CV C.

United States District Court,
W. D. Missouri, C. D.

Nov. 3, 1980.

Ronald R. McMillin, Cullen Coil, Jefferson City, Mo., Duke W. Ponick, Jr., Kansas City, Mo., for plaintiffs.

Ronald S. Reed, U. S. Atty., Judith M. Strong, Asst. U. S. Atty., Kansas City, Mo., Thomas W. Snook, Torts Branch, U. S. Dept. of Justice, Washington, D.C., Alice Daniel, Asst. Atty. Gen., Washington, D.C., for defendant.

## ORDER

ELMO B. HUNTER, District Judge.

This cause now pends upon defendant's motion to reconsider this Court's Order of May 6, 1980, in light of the recent ruling of the Eighth Circuit Court of Appeals in *Livingston v. United States*, 627 F.2d 165 (1980).

Plaintiffs apparently concede that the decision in *Livingston* renders the Lake of the Ozarks beyond the admiralty jurisdiction of this Court. See, plaintiffs' Memorandum Re Motion of the United States to Reconsider its Motion to Dismiss, filed September 4, 1980; and Reply to Supplemental Memorandum Re Motion of the United States to Reconsider its Motion to Dismiss, filed October 4, 1980. Instead, plaintiffs argue that to dismiss the United States on the basis of a retroactive application of the rule in *Livingston* would be unfair and inequitable. See, *Rudolph v. Wagner Electric Corp.*, 586 F.2d 90 (8th Cir. 1978); and *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).

The analysis established in *Chevron* involves consideration of essentially three factors.

"In our cases dealing with the nonretroactivity question, we have generally considered three separate factors. First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed.... Second, it has been stressed that 'we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.' [citing *Linkletter v. Walker*, 381 U.S. 618 [85 S.Ct. 1731, 14 L.Ed.2d 601] (1965)]. Finally, we have weighed the inequity imposed by retroactive application, for '[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the injustice or hardship by a holding of nonretroactivity.' [citing *Cipriano v. City of Houma*, 395 U.S. 701 [89 S.Ct. 1897, 23 L.Ed.2d 647] (1969)]. *Id.* at 106–07, 92 S.Ct. at 355.

Plaintiffs argue that the decision in *Loc-Wood Boat & Motors v. Rockwell*, 245 F.2d 306 (8th Cir. 1957) provided clear earlier precedent that the Lake of the Ozarks was within the admiralty jurisdiction of the federal courts. While this Court does not disagree that *Loc-Wood Boat* seemingly held the Lake of the Ozarks to be within admiralty jurisdiction, developments in the law since 1957 clearly foreshadowed the recent ruling of the Eighth Circuit in *Livingston*.*

In *Adams v. Montana Power Co.*, 528 F.2d 437 (9th Cir. 1975) and *Chapman v. United States*, 575 F.2d 147 (7th Cir. 1976), the Ninth and Seventh Circuits recognized the jurisdictional analysis more clearly enunciated recently by the Eighth Circuit in *Livingston*. As well, the Eighth Circuit noted that *Loc-Wood Boat* and *George v. Beavark, Inc.*, 402 F.2d 977 (8th Cir. 1968)

---

* Indeed, the Court in *Livingston* noted that it had never been presented with the question of whether current navigability in fact is required for admiralty jurisdiction.

had created a misimpression among courts and commentators over the true import of these holdings. *Livingston v. United States, supra,* at p. 168 n. 4. *See, Marine Office of Am. v. Manion,* 241 F.Supp. 621, 622 (D.Mass.1965); G. Gilmore and C. Black, The Law of Admiralty 33 n. 103 (2d ed. 1975). In sum, the Eighth Circuit's opinion in *Livingston,* which establishes a contemporary navigability in fact analysis for determining federal admiralty jurisdiction, was a necessary expression of the appropriate jurisdictional analysis for cases of this type. Whatever the precise meaning of earlier Eighth Circuit precedents, the state of the law in this area clearly foreshadowed the ruling in *Livingston.*

Further, this Court is persuaded that retroactive application of the rule in *Livingston* ** would further important policy objectives. The basis for admiralty jurisdiction is founded upon the need for uniform policies in disputes arising during commercial maritime activity. Here, this Court is convinced that the Lake of the Ozarks is not navigable for purposes of admiralty jurisdiction. See, Order of this Court, filed May 6, 1980. Thus, there is no federal interest in seeking to maintain admiralty jurisdiction over the Lake of the Ozarks.

Lastly, while retroactive application of the rule in *Livingston* would have the effect of dismissing this action as against the United States, this Court is unpersuaded that the equities should tip in favor of plaintiffs. Plaintiffs had full opportunity to file a Federal Tort Claims Act claim and apparently failed to do so. Indeed, the United States has maintained throughout the course of this litigation that admiralty jurisdiction is inappropriate. Plaintiffs were not forced to elect between jurisdictional theories to their subsequent detriment. And, given the weakened precedential value of *Loc–Wood Boat* in light of *Adams* and *Chapman,* no unfair surprise has resulted.

Therefore, for the reasons expressed above, it is hereby

ORDERED that this Court's Order of May 6, 1980, is vacated; it is further

ORDERED that this action be dismissed.

appropriateness of admiralty jurisdiction.

---

** This assumes, of course, that *Livingston* truly altered the existing law on the question of the