**In the Matter of the complaint of Everett SISSON, as owner of the Motor Yacht, the Ultorian, for exoneration from or limitation of liability.**

**No. 86 C 1991.**

United States District Court,
N.D. Illinois, E.D.

Sept. 24, 1987.

Warren J. Marwedel, Dennis Minichello, Tribler & Marwedel, P.C., Chicago, Ill., for petitioner, Everett A. Sisson.

Robert J. Kopka, Michael J. Charysh, Landau, Omahana & Kopka, Ltd., Chicago,

Ill., for claimants Burton B. Ruby, Fireman's Fund Ins. Co., and Port Authority of Michigan City.

Jeff D. Harris, Teresa F. Frisbie, Foran, Wiss & Schultz, Chicago, Ill., for claimants Continental Ins. Co., Cincinnati Ins. Co., and John P. Walther.

## ORDER

BUA, District Judge.

Before this court is petitioner's motion for reconsideration of this court's order dismissing petitioner's action for lack of subject matter jurisdiction. For the reasons stated herein, petitioner's motion for reconsideration is denied.

## I. FACTS

On September 24, 1985, petitioner's 56–foot pleasure yacht, The Ultorian, was docked at Washington Park Marina in Michigan City, Indiana. A fire erupted on The Ultorian completely destroying the vessel and causing extensive damage to the marina and several neighboring boats. According to allegations made by petitioner in a related suit against the manufacturer of The Ultorian, the fire was caused by an allegedly defective washer/dryer on board the vessel. The net value of The Ultorian after the casualty was $800. Extensive damage to the marina and vessels in the vicinity of The Ultorian resulted from the fire. The claimant owners of the vessels and marina estimate damages to exceed $275,000.

## II. DISCUSSION

■ In this court's last order dismissing petitioner's action for lack of subject matter jurisdiction, this court exhaustively addressed and rejected petitioner's arguments that the fire which destroyed The Ultorian bore a sufficient relationship to traditional maritime activity to give rise to admiralty jurisdiction under 28 U.S.C. § 1333. *See In re Sisson,* 663 F.Supp. 858 (N.D.Ill.1987). In his motion for reconsideration, petitioner now argues that federal jurisdiction is provided by a new source: the Limitation of Liability Act, 46 U.S.C.

§ 183. Yet, as claimants point out, motions for reconsideration serve the limited function of correcting errors of law or fact, or presenting newly discovered evidence. Motions for reconsideration cannot be used to introduce new legal theories for the first time, or to raise legal argumentation which could have been heard during the pendency of the previous motion. *Publishers Resource Inc. v. Walker-Davis Publications, Inc.,* 762 F.2d 557, 561 (7th Cir.1985). As nothing exists in petitioner's present motion which petitioner could not have raised previously, petitioner's motion for reconsideration must be denied.

■ However, even if this court were to reach petitioner's argument that the Limitation of Liability Act provides an independent basis of federal admiralty jurisdiction, this court nonetheless would be compelled to dismiss the petition. The authority cited by petitioner, *Richardson v. Harmon,* 222 U.S. 96, 32 S.Ct. 27, 56 L.Ed. 110 (1911), which held that the Limitation of Liability Act extended admiralty jurisdiction to "nonmaritime" torts (torts caused by or involving a vessel on navigable waters which result in damage to property on or affixed to land) was essentially codified in 1948 by the enactment of the Extension of Admiralty Jurisdiction Act. 46 U.S.C. § 740. This Act reads in relevant part:

The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury to person or property caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land.

46 U.S.C. § 740.

This subsequent congressional action made clear that admiralty jurisdiction exists irrespective of whether the tort occurs on land or water so long as other requisites for admiralty jurisdiction are present. *See Boudloche v. Conoco Oil Corp.,* 615 F.2d 687, 688 (8th Cir.1980); *Jorsch v. LeBeau,* 449 F.Supp. 485, 487 (N.D.Ill.1978) (holding that irrespective of the locality of the tort, a significant relation to traditional maritime activity must be shown before admiralty jurisdiction can be established).

Courts interpreting the Limitation of Liability Act after the enactment of the Extension of Admiralty Jurisdiction Act have refused to find subject matter jurisdiction where other requisites for admiralty jurisdiction were not present. *See In re Howser's Petition*, 227 F.Supp. 81, 85–86 (W.D. N.C.1964); *In re Madsen's Petition*, 187 F.Supp. 411, 413–14 (N.D.N.Y.1960) (federal jurisdiction does not exist over petition to limit liability brought pursuant to 46 U.S.C. § 183 unless traditional requirements for admiralty jurisdiction are met). *But cf. In re Colonial Trust Co.*, 124 F.Supp. 73, 75 (D.Conn.1954) (Limitation of Liability Act provides an independent basis for admiralty jurisdiction).

After the Supreme Court's decisions in *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972), and *Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 102 S.Ct. 2654, 73 L.Ed.2d 300 (1982), the law became clear that federal admiralty jurisdiction in tort cases arose only when the tort resulted from activity relating to a vessel on navigable waters and activity having a significant relationship to traditional maritime activity. These standards were applied by this court in reaching the conclusion that petitioner's action for limitation of liability must be dismissed for lack of subject matter jurisdiction. This court believes that in light of the intervening congressional action extending admiralty jurisdiction to torts occurring on land as well as the Supreme Court's recent pronouncements in *Executive Jet*, and *Foremost Ins. Co.*, redefining the scope of admiralty jurisdiction in tort cases, petitioner's reliance on *Richardson v. Harmon* is misplaced and unpersuasive. As such, this court is unable to accept petitioner's assertion that irrespective of whether a significant relationship with maritime activity exists, the mere filing of a petition of limitation of liability under § 183 provides a sufficient basis for subject matter jurisdiction.

■ Finally, even if this court accepted petitioner's argument that subject matter jurisdiction is provided by the Limitation of Liability Act, this court is unpersuaded that the Act applies to incidents resulting from the negligent operation or maintenance of pleasure craft used for recreational purposes. The legislative history of the Limitation of Liability Act leaves no doubt the congressional purpose behind the law was encouraging investment in the American merchant marine industry. *See* 23 Cong. Globe 331–32, 714, 31st Cong., 2d Sess. (Jan 25, 1951). Recognizing a vast majority of other countries heavily engaged in maritime commerce maintained laws limiting or exonerating ship owners from tort liability, Congress enacted the Limitation of Liability Act to place American shipping investors on an equal footing with their foreign counterparts. *Id.* Given this clear congressional purpose, a number of courts have refused to apply the Limitation of Liability Act to pleasure craft. *See In re Lowing*, 635 F.Supp. 520 (W.D.Mich.1986); *In re Tracey*, 608 F.Supp. 263 (D.Mass.1985); *Baldassano v. Larsen*, 580 F.Supp. 415 (D.Minn.1984); *Kulack v. The Pearl Jack*, 79 F.Supp. 802 (W.D.Mich.1948) (all holding that Limitation of Liability Act does not apply to pleasure craft). *But see Feige v. Hurley*, 89 F.2d 575 (6th Cir.1937); *In re Brown*, 536 F.Supp. 750 (N.D.Ohio 1982); *Armour v. Grandler*, 448 F.Supp. 741 (W.D.Pa.1978); *In re Theisen*, 349 F.Supp. 737 (E.D.N.Y.1972); *In re Klarman*, 295 F.Supp. 1021 (D.Conn.1968) (all finding owners of pleasure craft are entitled to invoke protections of Limitation of Liability Act).

Analyzing the reasoning behind the divergent views on this issue, this court is inclined to agree with those courts refusing to extend the Limitation of Liability Act to pleasure craft. Thus, for the reasons stated in *In re Lowing*, *In re Tracey*, and *Baldassano v. Larsen*, this court would deny petitioner's petition for limitation even if subject matter jurisdiction existed to entertain this action.

### III. CONCLUSION

For the foregoing reasons, petitioner's motion for reconsideration is denied.

IT IS SO ORDERED.