**ESTATE OF Glenn LEWIS, Plaintiff, Owner of the "Boreas", in an Action for Exoneration From or Limitation of Liability.**

No. C–87–3960 SC.

United States District Court,
N.D. California.

Dec. 11, 1987.

---

Barfield, Dryden & Ruane, San Francisco, Cal., for plaintiff.

Birnberg & Associates, San Francisco, Cal., for defendant.

## ORDER RE: CLAIMANT'S MOTION FOR DISMISSAL

CONTI, District Judge.

This is a petition for exoneration from or limitation of liability. The petitioner, the Estate of Glenn Lewis ("Estate"), seeks to avoid or limit its liability to the claimant, Beverly K. Hurst ("Hurst"), in a wrongful death action currently pending in the Superior Court of the State of California, City and County of San Francisco, entitled *Beverly K. Hurst v. Saint Francis Yacht Club, et al.*, Case No. 864–383 (referred to as the "state action"). Jurisdiction is proper pursuant to 46 U.S.C. § 185 and 28 U.S.C. § 1333. The petition is currently before the court on Hurst's motion for dismissal for failure to state a claim upon which relief can be granted.

This case arises out of the drowning death of claimant's spouse, James T. Hurst. James T. Hurst was a member of a party aboard a vessel known as "The Boreas of San Francisco" (referred to as "the vessel"). The other members of the party aboard the vessel were Glenn Lewis, now deceased, and Donald Curran. The vessel left San Francisco and arrived at Tinsley Island in San Joaquin County on September 22, 1987. The purpose of the voyage was a pleasure trip to attend a social event sponsored by the Saint Francis Yacht Club, a defendant in the state action. The complaint in the state action alleges that on September 23, 1983 at 1:00 a.m., James T. Hurst fell overboard the vessel and subsequently drowned. The complaint in the state action further alleges that James T. Hurst's death was caused by the carelessness and negligence of the vessel and its owner, operator and agents.

Claimant Hurst moves this court for an order dismissing the Estate's petition pursuant to Fed.R.Civ.P. 12(b)(6). Hurst contends that the petition fails to state a claim upon which relief can be granted, in that the Limitation of Liability Act of 1851, 46 U.S.C. § 183 et seq. ("Limitation Act"), under which the Estate seeks exoneration, does not apply to pleasure boats. The Estate opposes claimant's motion, arguing that the Limitation Act does apply to pleasure boats.

The Ninth Circuit has recently reviewed the standard for a motion to dismiss:

> ... a complaint should not be dismissed under Fed.R.Civ.P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 [78 S.Ct. 99, 101–102, 2 L.Ed.2d 80] (1957).
>
> A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d 1982).

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir.1984).

The Limitation of Liability Act of 1851 provides, in relevant part

> The liability of the owner of any vessel, whether American or foreign, for any embezzlement, loss, or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, except in the cases provided for in subsection (b) of this section, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

46 U.S.C. § 183(a).

The Estate's petition denies that the death of James T. Hurst was caused in any way by the vessel or its owner. The petition alleges that the death of James T. Hurst was due solely to his own fault or negligence. The petition seeks a judgment exonerating the Estate, or in the alternative an order limiting liability to the value of the vessel.

The Estate's petition makes no mention of the nature of the vessel involved in this action. Nor does the petition state the purpose of the voyage that gave rise to the complaint in the state action. The Estate's pleadings as they stand, if supported by a

proper factual showing, could state a claim under the Limitation Act.

The Federal Rules of Civil Procedure provide, in relevant part, that

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

The issue of the nature of the vessel or the purpose of the voyage involved in this case, is an issue outside the pleadings before the court. Both parties are in apparent agreement that the vessel in the instant action was a pleasure craft. Both parties argue over the legal significance of a pleasure craft under the Limitation Act. Hurst has asserted by declaration that the facts as set forth in her memoranda are true. The court will therefore treat Hurst's papers as a motion for summary judgment pursuant to Fed.R.Civ.P. 56.

Summary judgment is proper when there is no genuine issue of material fact or when, viewing the evidence in the light most favorable to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed.R.Civ.P. 56; *Jung v. FMC*, 755 F.2d 708, 710 (9th Cir.1985).

The legal question before this court is whether the Limitation Act of 1851, as amended, applies to pleasure craft. The language of the act seemingly applies to "all vessels." However, an examination of the purposes of the Act and those court decisions interpreting the Act, reveals that the question has not been authoritatively answered.

The Limitation of Liability Act was enacted in 1851 for the purpose of protecting the commercial shipping industry in the United States. The "great object" of the Limitation Act was "to encourage shipbuilding and to induce capitalists to invest money in this branch of industry." *Norwich Co. v. Wright*, 80 U.S. (13 Wall) 104, 121, 20 L.Ed. 585 (1871). By promoting investment in ships and employment of ships in commerce, the Limitation Act was meant to place American shipping interests on an equal footing with that of other maritime nations. *Complaint of Paradise Holdings, Inc.*, 795 F.2d 756, 761 (9th Cir. 1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 649, 93 L.Ed.2d 705.

Despite the Limitation Act's commercial purposes, many courts have applied the protections of the Act to the owners of pleasure boats. *See e.g. Petition of M/V Sunshine II*, 808 F.2d 762 (11th Cir.1987); *Pritchett v. Kimberling Cove, Inc.*, 568 F.2d 570 (8th Cir.1977); *Gibboney v. Wright*, 517 F.2d 1054 (5th Cir.1975); *Richards v. Blake Builders Supply Inc.*, 528 F.2d 745 (4th Cir.1975).

The United States Supreme has never fully addressed the issue of whether the Limitation Act was intended to apply to vessels of a non-commercial nature. *See Coryell v. Phipps*, 317 U.S. 406, 63 S.Ct. 291, 87 L.Ed. 363 (1943); *Just v. Chambers*, 312 U.S. 383, 61 S.Ct. 687, 85 L.Ed. 903 (1941); *Spencer Kellog & Sons v. Hicks*, 285 U.S. 502, 52 S.Ct. 450, 76 L.Ed. 903 (1932). Nor is there a decision on point from the Court of Appeals for the Ninth Circuit.

Some of those courts which found the Limitation Act applicable to pleasure craft, have acknowledged that there is sharp criticism of such an application. In *Gibboney v. Wright* the court of appeals for the Fifth Circuit stated that "contemporary thought, [citations omitted], finds little reason for allowing private owners of pleasure craft to take advantage of the somewhat drastic —for the injured claimants—provisions of the Limitation Act." 517 F.2d at 1057. The Fourth Circuit, in its decision in *Richards v. Blake Builders*, expressed displeasure with the consequences of the application of the Limitation Act to pleasure boats:

Surely, the limitation of liability to the value of the boat of an owner without "privity or knowledge" of the fault in the context of a small pleasure craft capable of causing death or grievous injury is in conflict with our senses of justice and

appropriateness. It may have been necessary to provide an owner of a commercial vessel with the right to limit his liability to the after event value of the vessel; American shipping was in competition with English shipping where there was such a right, and members of the industry may have been thought in need of protection from exposure to all of the economic consequences of major disasters. But we can perceive no reason to extend that protection to the relatively affluent owners of pleasure boats and their insurers at the expense of those injured or killed and their families.

528 F.2d at 748.

The recent trend among those district courts which have faced the issue, has been to hold that the Limitation Act does not apply to pleasure vessels. *See In the Matter William Lowing*, 635 F.Supp. 520 (W.D.Mich.1986); *Complaint of Tracey*, 608 F.Supp. 263 (D.Mass.1985); *Baldassano v. Larsen*, 580 F.Supp. 415 (D.Minn. 1984). In *Lowing*, for example, the district court reviewed the legislative history of the Limitation Act and the decisions interpreting the Act, and found that "the historical extension of the Limitation Act occurred without Congressional approval and allows for unjust and unnecessary repercussions." 635 F.Supp. at 527–8.

This court is persuaded that the proper interpretation of the Limitation Act should not permit the limiting of the liability of an owner of a pleasure craft for injuries arising out of a pleasure voyage. The Limitation Act was not intended to apply to such vessels, and there are no policy reasons or equitable considerations which warrant expansion of the Act. Since there is no genuine dispute of material fact as to the nature of the vessel in the instant action, the court finds that Hurst is entitled to judgment as a matter of law.

In accordance with the foregoing, the court orders that Hurst's motion for summary judgment is granted.