846 F.2d 73
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In the Matter of COMPLAINT of Kenneth A. SHAW as the Owner
of an Unnamed Chrysler Motor Vessel for
Exoneration From or Limitation of
Liability, Petitioner.
Kenneth A. SHAW, Plaintiff-Appellant,
v.
Sharee E. KIDDER, Mark S. Kidder, Defendants-Appellees.
 No. 87-2665.
 United States Court of Appeals, Fourth Circuit.
 Argued March 11, 1988.
Decided May 5, 1988.
 
 Robert L. Stewart, Jr. (John M. Slack, III; Jackson, Kelly, Holt & O'Farrell on brief) for appellant.
 Wesley W. Metheney (Clark B. Frame, Wilson, Frame & Metheney on brief) for appellees.
 Before DONALD RUSSELL and JAMES DICKSON PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This appeal is from a judgment of the district court concluding that the Limitation of Liability Act, 46 U.S.C. Sec. 183 (1958), does not apply to the owner of a pleasure craft. We reverse.
 
 
 2
 The facts are undisputed. A pleasure boat owned by appellant Shaw struck the water-ski rope of appellee Kidder and injured Kidder's thumb. Shaw had loaned the boat to another individual and was not present at the time of the accident.
 
 
 3
 Section 183(a) of the Limitation of Liability Act, limits "[t]he liability of the owner of any vessel" for damages caused by that vessel "without the privity or knowledge of such owner or owners." The crux of this appeal is whether the district court erred in concluding that "any vessel" does not include pleasure craft.
 
 
 4
 Appellant asserts that "any vessel" includes pleasure craft and that this issue has previously been decided by this Court in Richards v. Blake Builders Supply, Inc., 528 F.2d 745 (4th Cir.1975).
 
 
 5
 Defendant responds that three district court cases decided subsequent and contrary to Richards are based on more persuasive reasoning and should be controlling in this case.
 
 
 6
 In Richards, this Court expressed reservation but nonetheless found that the Limitation of Liability Act does apply to pleasure boats. We noted then and we reaffirm now that we are bound to follow the United States Supreme Court's holding in Coryell v. Phipps, 317 U.S. 406 (1942) that a yacht owner could be protected by the Limitation of Liability Act.
 
 
 7
 The district court acknowledged in its order that "The Fourth Circuit's ruling in Richards, supra, is contrary to the Court's holding today." However, the district court found the reasoning employed in three district court cases[1] contra to Richards to be persuasive.
 
 
 8
 We are not so persuaded. Absent an en banc hearing,[2] this Court will follow its own decision in Richards.
 
 
 9
 Accordingly, the judgment of the district court is
 
 
 10
 REVERSED.
 
 
 
 [1]
 Matter of Lowing, 635 F.Supp. 520 (W.D.Mich.1986); Complaint of Tracy, 608 F.Supp. 263 (D.Mass.1985); Baldassano v. Larson, 580 F.Supp. 415 (D.Minn.1984)
 
 
 [2]
 See Doe v. Charleston Area Medical Center, Inc., 529 F.2d 638, 642 (4th Cir.1975) ("[A] decision [of this Court] is binding, not only upon the district court, but also upon another panel of this court--unless and until it is reconsidered en banc.")