In the Matter of the Complaint of KEYS JET SKI, INC., Sunset Water Sports, Inc.; and Richard C. Welter, or one or more of them, for exoneration from or limitation of liability as owners of Kawasaki 650 Jet Ski KAW18324F787.

No. 88–10067–Civ.

United States District Court, S.D. Florida.

Jan. 5, 1989.

Carl R. Nelson, Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, Fla., for plaintiffs.

Cone Wagner Nugent Johnson Roth and Romano, West Palm Beach, Fla., for defendant/claimant.

## ORDER GRANTING MOTION TO DISMISS

JAMES LAWRENCE KING, Chief Judge.

This case involves the application of an admiralty statute, the Limitation of Liability Act, 46 U.S.C.App. § 183 *et seq.*, to a Kawasaki Jet Ski. Generally, the Act, if applicable, allows a boat owner to limit the owner's liability for injuries and damage caused by an accident to the value of the vessel. In the present case, the plaintiffs, owners of the jet ski, filed a complaint for exoneration from or limitation of liability. The defendant/claimant answered the complaint and moved to dismiss. The motion to dismiss presents the question of whether the owner of a jet ski may avail himself or herself of the Limitation of Liability Act. After reviewing the Act and pertinent cases, the court finds that the Act does not apply to jet skis.

## DISCUSSION

The relevant portion of the Act is Section 183(a) which reads as follows:

The liability of the owner of any vessel, whether American or foreign, for an embezzlement, loss, or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, except in cases provided for in subsection (b) of this section, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

The broad issue, then, is whether the owner of a pleasure craft may avail himself or herself of the Limitation of Liability Act. Although the court is not faced with this general issue, the modern trend of cases in this area assists the court in answering whether the Act is available to the owners of a jet ski.

This issue cannot be resolved merely by relying on precedent since courts are divided today on whether pleasure craft fall within the ambit of the Act. The Supreme Court has never directly addressed the issue. In *Corvell v. Phipps*, 317 U.S. 406, 63 S.Ct. 291, 87 L.Ed. 363 (1943) and *Just v. Chambers*, 312 U.S. 383, 61 S.Ct. 687, 85 L.Ed. 903 (1941), the Supreme Court decided limitation of liability actions involving pleasure boats. The Court, however, only analyzed the issue of whether there was privity or knowledge on the part of the vessel owner sufficient to defeat limitation. The Supreme Court, therefore, may have "merely assumed" that the limitation law applied to pleasure craft. *In re Complaint of Shaw*, 668 F.Supp. 524, 525 (S.D. W.Va.1987) *citing Baldassano v. Larsen*, 580 F.Supp. 415 (D.Minn.1984).

Similarly, the Eleventh Circuit has not squarely addressed the issue. In *In re Petition of M/V Sunshine II*, 808 F.2d 762 (11th Cir.1987), the court decided a case involving two pleasure craft, yet the court's inquiry focused on the privity or knowledge aspect of the Act, not the type of vessel involved. Again, the court may have "merely assumed" that pleasure craft are within the scope of the Act.

Two binding Fifth Circuit opinions likewise skirt around the issue of the applicability of the Act to pleasure craft. Specifi-

cally, in *Tittle v. Aldacosta*, 544 F.2d 752, 756 (5th Cir.1977), the court equivocally stated that "pleasure vessels and sporting charter vessels *may well* qualify as 'seagoing vessel.'" (emphasis supplied). This opinion seemingly retreated from the court's previous assertions that Congress and the cases "have spoken with a clear voice" and that private owners of pleasure craft may take advantage of the Act. *Gibboney v. Wright*, 517 F.2d 1054, 1057 (5th Cir.1975). The retreat from the previously unambiguous statement indicates the Fifth Circuit may well have abandoned the notion that pleasure vessels are clearly included within the Act.

The lack of clear precedent in both the Eleventh Circuit and the old Fifth Circuit compels this court to follow the modern trend of courts around the country and hold that the Limitation of Liability Act does not apply to pleasure craft[1] and, more specifically, that the Act does not apply to jet skis. The court agrees with these six other courts exhaustive review of the legislative history of the Act, and the corresponding conclusion that the limitation statute was not intended to apply to pleasure boats. Quite simply, the Act merely intended to make the United States Merchant Marine competitive in commercial shipping. The extension of the Act to pleasure craft, such as jet skis, contravenes congressional intent and unjustly affects injured litigants. Accordingly, the court

ORDERS and ADJUDGES that the motion to dismiss plaintiff's complaint for exoneration from or limitation of liability is GRANTED.

DONE and ORDERED.

1. *Estate of Lewis*, 683 F.Supp. 217, 220 (N.D.Cal. 1987); *Shaw*, 668 F.Supp. at 526; *In re Sisson*, 668 F.Supp. 1196, 1198 (N.D.Ill.1987); *In re* *Lowing*, 635 F.Supp. 520, 528 (W.D.Mich.1986); *In re Complaint of Tracey*, 608 F.Supp. 263, 269 (D.Mass.1985); *Baldassano*, 580 F.Supp. at 418.