**In re John YOUNG, Petitioner.**

**William ENDSLEY, et al.,
Plaintiffs–Appellees,**

v.

**John YOUNG, Defendant–Appellant.**

No. 88–3483.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 13, 1989.

Decided April 11, 1989.

Thomas J. Murray, Jr. (argued), Murray & Murray, Sandusky, Ohio, Rodney M. Arthur, Defiance, Ohio, James Trembley, Trembley & Trembley, Flint, Mich., for William Endsley, Janice Endsley and James Weycker.

Paul Michael Doucher (argued), Michael J. Kelley, Wiles, Doucher, Van Buren & Boyle Co., Columbus, Ohio, for John Young.

Before GUY and NORRIS, Circuit Judges, and BELL, District Judge.*

RALPH B. GUY, Jr., Circuit Judge.

Title 46 U.S.C.App. § 183(a) (Limitations Act) reads in relevant part:

> The liability of the owner of any vessel ... for any ... loss ... without the privity or knowledge of such owner ... shall not ... exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

The only issue presented for review is whether this limitation of liability provision is applicable to pleasure boats. The magistrate, who resolved this issue with the consent of the parties in the district court, concluded that it was not applicable. We disagree and reverse.

I.

Petitioner, John Young, was the owner of a motor boat built in 1968 and purchased by Young in 1983. The boat was used only as a pleasure craft for private recreational purposes. On May 25, 1985, Young was operating the boat on Lake Erie. Aboard were Endsley and Weycker. An explosion occurred injuring both Endsley and Weycker. Both instituted suit against Young in the Common Pleas Court of Defiance, Ohio. Young responded by going to federal court and filing a petition seeking exoneration or limitation of liability pursuant to the provisions of 46 U.S.C.App. § 185.

Due to the large number of pleasure boat accidents that occur every year, one

---

* Honorable Robert Holmes Bell, United States District Court, Western District of Michigan, sitting by designation.

would think that the question of the applicability of 46 U.S.C.App. § 183(a) to pleasure boat accidents would have been settled definitively long ago, since the Act has existed since 1851. Unfortunately, such is not the case. It has, however, to our satisfaction, been settled in this circuit. In *Feige v. Hurley*, 89 F.2d 575, 576 (6th Cir.1937), in the context of a case involving a pleasure boat running into a canoe, we stated: "The statute applies to 'any vessel.' Appellee's motor boat was a fifteen-foot Chris Craft with a 70–horsepower motor, capable of going 35 miles per hour. It was within the statute." *Feige* has met with disfavor in some quarters, and there are district court decisions, even from within this circuit, which have refused to follow its holding. For example, in *Matter of Lowing*, 635 F.Supp. 520, 526 (W.D.Mich. 1986), the district judge stated "[i]t is apparent to this Court that the holding in *Feige v. Hurley* extending limitation to pleasure craft boats is not well grounded." [1] We do not have the luxury of being as cavalier as the court in *Lowing* relative to the *Feige* decision.

A panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision. *Salmi v. Secretary of Health and Human Services*, 774 F.2d 685, 689 (6th Cir.1985).

There is no doubt that there are a number of district court decisions which have refused to apply the provisions of 46 U.S.C. App. § 183(a) to pleasure craft.[2] It is also true that those courts which have applied it in recent times have done so begrudgingly for the most part. Nonetheless, no circuit court to date has refused to apply the statute to pleasure boats. *Richards v. Blake Builders Supply, Inc.*, 528 F.2d 745 (4th Cir.1975); *Gibboney v. Wright*, 517 F.2d 1054 (5th Cir.1975); *St. Hilaire Moye v. Henderson*, 496 F.2d 973 (8th Cir.), *cert. denied*, 419 U.S. 884, 95 S.Ct. 151, 42 L.Ed. 2d 125 (1974); *The Oneida*, 282 F. 238 (2d Cir.1922). We also note that in two cases the Supreme Court has assumed without discussion that the Limitations Act applies to pleasure craft. *Coryell v. Phipps* (The Seminole), 317 U.S. 406, 63 S.Ct. 291, 87 L.Ed. 363 (1943); *Just v. Chambers*, 312 U.S. 383, 61 S.Ct. 687, 85 L.Ed. 903 (1941).

Since there is common agreement that the original purpose of the Limitations Act was to give protection to our then fledgling maritime industry, we understand the reasoning of those courts which have found the application of this Act to pleasure boat accidents to be inappropriate. However, as expressed earlier, we are compelled to follow *Feige* unless intervening Supreme Court authority has shown *Feige* to be in error. There appear to be two relevant Supreme Court cases. *Foremost Insurance Co. v. Richardson*, 457 U.S. 668, 102 S.Ct. 2654, 73 L.Ed.2d 300 (1982), and *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972).

Facially, *Executive Jet* appears to have little relevance to pleasure boat accidents. However, the decision contained language which arguably is relevant. *Executive Jet* involved the crash of a commercial aircraft into Lake Erie shortly after takeoff. The plaintiff invoked federal admiralty jurisdiction and brought suit in federal court in Ohio. The district court held that the suit was not cognizable in admiralty and dismissed the case. On appeal we affirmed, and the Supreme Court granted certiorari. In agreeing with our decision, the Supreme Court held:

> For this elementary reason, we conclude that the mere fact that the alleged wrong "occurs" or "is located" on or over navigable waters—whatever that means in an aviation context—is not of itself sufficient to turn an airplane negligence case into a "maritime tort." *It is far more*

---

1. The magistrate in this case treated *Feige* even more harshly, stating that the decision was "cursory and unilluminated...."

2. *See, e.g., Matter of Sisson*, 668 F.Supp. 1196 (N.D.Ill.1987); *Complaint of Tracey*, 608 F.Supp. 263 (D.C.Mass.1985); *Baldassano v. Larsen*, 580 F.Supp. 415 (D.C.Minn.1984).

*consistent with the history and purpose of admiralty to require also that the wrong bear a significant relationship to traditional maritime activity.* We hold that unless such a relationship exists, claims arising from airplane accidents are not cognizable in admiralty in the absence of legislation to the contrary.

409 U.S. at 268, 93 S.Ct. at 504 (emphasis added). It is the underscored language that has been seized upon to lend support to the argument that pleasure boat accidents do not arise from "traditional maritime activity" and, thus, are not within the purview of the Limitations Act. *Executive Jet,* of course, was not dealing with the Limitations Act but, rather, admiralty jurisdiction in general. Nonetheless, there is at least superficial appeal to using the rationale of *Executive Jet* as an analogue. However, *Executive Jet* subsequently was severely limited by *Foremost Insurance.* In *Foremost Insurance,* the Court was presented directly with the issue as to "whether the collision of two pleasure boats on navigable waters falls within the admiralty jurisdiction of the federal courts." 457 U.S. at 669, 102 S.Ct. at 2655. The Court, albeit with three judges dissenting, answered in the affirmative. As to the issue of whether commercial activity had to be involved (the principal rationale of the cases which hold 46 U.S.C.App. § 183(a) inapplicable to pleasure boats), the Court reasoned:

> The federal interest in protecting maritime commerce cannot be adequately served if admiralty jurisdiction is restricted to those individuals actually *engaged* in commercial maritime activity. This interest can be fully vindicated only if *all* operators of vessels on navigable waters are subject to uniform rules of conduct. The failure to recognize the breadth of this federal interest ignores

the potential effect of noncommercial maritime activity on maritime commerce.... The potential disruptive impact of a collision between boats on navigable waters, when coupled with the traditional concern that admiralty law holds for navigation, compels the conclusion that this collision between two pleasure boats on navigable waters has a significant relationship with maritime commerce.

457 U.S. at 674–75, 102 S.Ct. at 2658–59 (footnote omitted). Again, *Foremost Insurance,* like *Executive Jet,* did not involve 46 U.S.C.App. § 183(a). However, it certainly laid to rest the notion that federal maritime law is not concerned with pleasure boat accidents.

We do not suggest that *Foremost Insurance* has resolved the issue presented in this appeal. We do find it persuasive, however, on the issue as to whether intervening Supreme Court precedent nullified *Feige.* It gives us sufficient strength to resist the urge to judicially legislate a solution as at least some of our colleagues on the district courts appear to be doing. If, indeed, anything is broken, it is up to Congress to fix it.[3] Accordingly, we reverse the decision of the magistrate and remand for further proceedings necessitated by the fact that the magistrate did not resolve two other issues raised by plaintiffs/respondents. These issues are whether Young's petition is time barred and whether he is able to meet the prerequisites of the Limitations Act, i.e., either non-negligent conduct or negligent conduct without privity and knowledge.

REVERSED and REMANDED.[4]

---

**3.** We note that a *negligent* owner is not relieved of liability unless he can prove lack of privity or knowledge. Negligence is usually the *sine qua non* of the underlying tort action which is probably why one does not see the issue raised here more frequently litigated.

**4.** Subsequent to this opinion being submitted for publication, the Seventh Circuit decided *In the Matter of Everett A. Sisson,* 867 F.2d 341 (7th

Cir.1989). Although *Sisson* is factually distinguishable from the case at bar, it arguably reaches a contrary conclusion. Even if we were to agree with the decision in *Sisson,* our panel could not overrule *Feige.* However, we hasten to add that we do not subscribe to the reasoning of *Sisson.* As Judge Ripple points out in his concurrence, the opinion is predicated on an

indefensibly narrow reading of *Foremost Insur-*     *ance.*