724 F.Supp. 9 (1989)
In the Matter of the Complaint of Samuel C. ROFFE for exoneration from or limitation of liability as owner of Yamaha WaveJammer serial No. YAM-1-6067-C888.
Civ. No. 89-1361CC.
United States District Court, D. Puerto Rico.
October 31, 1989.
Charles A. Cordero, Old San Juan, P.R., for petitioner.

OPINION AND JUDGMENT
CEREZO, District Judge.
We have before us an action for exoneration from or limitation of liability filed by Samuel C. Roffe pursuant to the admiralty and maritime jurisdiction of this Court, under the Limitation of Liability Act of 1851, 46 U.S.C. App. § 183, et seq.
On July 6, 1989, while operating a Yamaha WaveJammer rented for an hour from Roffe d/b/a Stingray Jets, Natalie Calhoun collided with the motor yacht Blue Peter, which was anchored offshore near Humacao, Puerto Rico. As a result of the collision, Calhoun suffered fatal injuries and the motor yacht was damaged. Although no formal claims have been filed against the petitioner, he seeks to limit his liability for any claims arising from the collision, to the value of the WaveJammer after the collision, that is, $2,500.00, which he has deposited with the court.
We must first confront the threshold issue of whether the Limitation of Liability Act of 1851 is applicable in this case in order to determine whether or not the petition states a claim upon which relief may be granted. There is no decisive ruling from the Supreme Court nor do we have interpretation from the Court of Appeals *10 for the First Circuit to serve as precedent. Other federal courts, that have tackled the question, are sorely divided on whether the Act applies to pleasure boats. That the Act was originally passed for the purpose of protecting the commercial shipping industry in the United States and placing it on an equal footing with those of other maritime nations is a generally accepted premise. Complaint of Tracey, 608 F.Supp. 263 (D.Mass.1985) and Matter of Lowing, 635 F.Supp. 520 (W.D.Mich. 1986), among other cases, meticulously set out the legislative history and the jurisprudential development of the Act and its later application to vessels of a non-commercial nature, so we do not repeat it here. Although the courts are split in their positions, we note, however, that the recent trend among those courts which have faced the issue has been to hold that the Act does not apply to pleasure crafts: compare Complaint of Sisson, 867 F.2d 341 (7th Cir.1989); Complaint of Myers, 721 F.Supp. 39 (W.D.N.Y.1989); Complaint of Keys Jet Ski, Inc., 704 F.Supp. 1057 (S.D. Fla.1989); Estate of Lewis, 683 F.Supp. 217 (N.D.Cal.1987); Matter of Lowing, 635 F.Supp. 520 (W.D.Mich.1986); Complaint of Tracey, 608 F.Supp. 263 (D.Mass.1985); Baldassano v. Larsen, 580 F.Supp. 415 (D.Minn.1984) (all holding that the Limitation of Liability Act inapplicable to pleasure boats) with In re Young, 872 F.2d 176 (6th Cir.1989);[1]Matter of Guglielmo, 704 F.Supp. 352 (E.D.N.Y.1989); In the Matter of Michael Roberto, 1987 AMC 982, 1986 WL 15685 (D.N.J.1986); Complaint of Brown, 536 F.Supp. 750 (N.D.Ohio 1982) (all holding the Limitation of Liability Act applicable to pleasure crafts).
The Fourth Circuit, in its decision in Richards v. Blake Builders, 528 F.2d 745 (4th Cir.1975), expressed its discontent with the consequences of the application of the Limitation of Liability Act to pleasure boats:
Surely, the limitation of liability to the value of the boat of an owner without "privity or knowledge" of the fault in the context of a small pleasure craft capable of causing death or grievous injury is in conflict with our sense of justice and appropriateness. It may have been necessary to provide an owner of a commercial vessel with the right to limit his liability to the value of the vessel. American shipping was in competition with English shipping where there was such a right, and members of the industry may have thought in need of protection from exposure to all of the economic consequences of major disaster. But we can perceive no reason to extend that protection to the relatively affluent owners of pleasure boats and their insurers at the expense of those injured or killed and their families.
528 F.2d at 748.
As pointed out by the U.S. District Court for the District in Massachusetts, applying the Act to pleasure boats can result in inadequate compensation to victims of pleasure boat accidents. Complaint of Tracey, supra, at 268. Such unjust results can be particularly shocking, as in the case before us, where the post accident value of the WaveJammer, and thus the liability limitation of the owner, if allowed, is a paltry $2,500 and the cost to the potential claimants were the loss of the life of an individual and unspecified damage to a yacht.
This Court agrees that the proper interpretation of the Limitation of Liability Act should exclude the limitation of liability of pleasure craft owners for damages and injuries arising out of non-commercial activities. There is no policy reason or equitable consideration which could support the expansion of a commercial industry protection to such vessels.[2]
*11 Accordingly, the complaint for exoneration from or limitation of liability is DISMISSED.
SO ORDERED AND ADJUDGED.
NOTES
[1] We note that the Circuit Court ruling on In re Young, supra, reversed the district court opinion primarily because it believed itself bound by the much criticized Sixth Circuit precedent Feige v. Hurley, 89 F.2d 575 (6th Cir.1937). It emphasized that the panel could not overrule the decision of another panel unless the Supreme Court had handled down an inconsistent opinion or an en banc decision was reached. Petition for certiorari before the Supreme Court was filed on July 10, 1989, docketed as Endsley v. Young, No. 89-30.
[2] Notwithstanding the issue of the applicability of the Limitation of Liability Act to pleasure craft, in light of the legislative history of the Act as well as considering the plain meaning of the text, we decline to rule that the WaveJammer, one of a new breed of aquatic motorbikes, is a vessel within the meaning of the statute. As described in the literature submitted by the petitioner at the Court's request, it is a vehicle characterized as a personal watercraft designed for only one rider.