George GREENLEY, Plaintiff,

v.

John D. MEERSMAN, Defendant.

No. 93–4009.

United States District Court,
C.D. Illinois,
Rock Island Division.

Nov. 29, 1993.

Eric F. Schwarz, Ted J. Wallace, Snyder & Schwarz, P.C., Rock Island, IL, for plaintiff.

Michael J. Warner, Duane Thompson, Braud & Warner, Ltd., Rock Island, IL, for defendant.

### ORDER

McDADE, District Judge.

Before the Court is a Report and Recommendation from United States Magistrate Judge Robert J. Kauffman [Doc. # 9] that Defendant's Motion to Dismiss [Doc. # 5] be granted. Plaintiff has objected to the Report and Recommendation; therefore, pursuant to 28 U.S.C. § 636(b)(1), the Court shall make a *de novo* review of those portions of the recommendation to which objections were made. The sole issue raised by Defendant's Motion to Dismiss and addressed by the Magistrate Judge in his Report and Recommendation is whether or not the limitation of liability contained in 46 U.S.C.App. § 183 applies to pleasure craft. The Magistrate Judge found that it did not. The Court begrudgingly disagrees.

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff and its factual allegations are taken as true. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In addition, a complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory. *Sutliff, Inc. v. Donovan Co.,* 727 F.2d 648 (7th Cir.1984).

The facts pertinent to the issue at hand are not in dispute. Plaintiff, George Greenley, was the owner of a 12 foot Zodiac boat which was powered by a 15 horsepower outboard engine. On May 30, 1992, Defendant, John Meersman, and another man, Raymond Grove, were aboard and operating Plaintiff's boat on the Mississippi River. Mr. Grove was piloting the boat. While Defendant and Mr. Grove were operating Plaintiff's boat, the vessel collided with another boat. Plaintiff was not aboard at the time of the collision. As a result of the collision, Plaintiff's boat was severely damaged and sank. Apparently, both vessels involved in this collision were pleasure boats. Defendant sustained injuries in connection with the collision.

Plaintiff has filed his Complaint in an effort to limit any potential liability which he may incur as a result of this collision pursuant to the Limitation of Liability Act, 46 U.S.C.App. § 181 *et seq* ("the Act"). Specifically, Plaintiff wishes to limit his liability pursuant to § 183(a) of the Act. Section 183(a) provides that:

> The liability of the owner of any vessel, whether American or foreign, for any embezzlement, loss, or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, except in the cases provided for in subsection (b) of this section, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

As previously stated, the sole issue presented by Defendant in his Motion to Dismiss is whether or not this limitation of liability provision applies to pleasure craft.

The Magistrate Judge in his Report and Recommendation found that § 183(a) does not apply to pleasure craft. Although the Magistrate Judge did not cite any controlling precedent from the Seventh Circuit,[1] he did cite several district court cases which have held that § 183(a) does not apply to pleasure craft and found them to be better reasoned than those cases which have held that § 183(a) is applicable to pleasure craft. The Magistrate Judge stated that limiting the liability of the owner of a pleasure boat would not advance the purposes of the statute and would be a disservice to the public interest in safe entrustment and operation of pleasure boats. The Court must disagree with the Magistrate Judge's reasoning and recommendation for at least three reasons. First, the authority cited by the Magistrate Judge in support for his finding is unpersuasive. Second, the clear weight of authority holds that § 183(a) does apply to pleasure craft. Third, any exclusion of pleasure craft from § 183(a) should be made by Congress, not the courts.

The Court finds that the cases cited by the Magistrate Judge as illustrative authority for his finding that § 183(a) does not apply to pleasure craft are unpersuasive. The majority of cases cited by the Magistrate Judge are of little or no value as precedent or otherwise. First, both *Complaint of Keys Jet Ski, Inc.*, 704 F.Supp. 1057 (S.D.Fla.1989) and *Complaint of Shaw*, 668 F.Supp. 524 (S.D.W.Va.1987) have been reversed. *See Keys Jet Ski, Inc. v. Kays*, 893 F.2d 1225 (11th Cir.1990) and *Complaint of Shaw*, 846 F.2d 73 (4th Cir.1988) respectively. Second, *In re Lowing*, 635 F.Supp. 520 (W.D.Mich. 1986); *Kulack v. The Pearl Jack*, 79 F.Supp. 802 (W.D.Mich.1948); *Complaint of Myers*, 721 F.Supp. 39 (W.D.N.Y.1989); and *Estate of Lewis*, 683 F.Supp. 217 (N.D.Cal.1987) have been abrogated by subsequent circuit court of appeals decisions which held that § 183(a) does apply to pleasure craft. *See Young v. Young*, 872 F.2d 176 (6th Cir.1989); *Young v. Young; Matter of Guglielmo*, 897 F.2d 58 (2nd Cir.1990); and *Hechinger v.*

---

**1.** Neither the Magistrate Judge nor the parties have referred the Court to any Seventh Circuit cases which directly address the issue in this case. The Court's research has similarly failed to uncover cases addressing the present issue. In her dissenting opinion in *Joyce v. Joyce*, 975

F.2d 379, 387 (7th Cir.1992), however, Chief District Judge Crabb (sitting by designation) stated in passing that "assuming as I do for the purpose of this opinion that the statute applies to pleasure boats, good reasons exist for not applying [§ 183(a)] to pleasure boats."

*Caskie,* 890 F.2d 202 (9th Cir.1989) respectively. Third, *Baldassano v. Larsen,* 580 F.Supp. 415 (D.Minn.1984) is of suspect value given the 8th Circuit Court of Appeals decision in *St. Hilaire Moye v. Henderson,* 496 F.2d 973 (8th Cir.1974) which held that the term "vessel" in admiralty law is not limited to ships engaged in commerce, but also includes pleasure craft. Finally, while the district court in *Matter of Sisson,* 668 F.Supp. 1196 (N.D.Ill.1987) (*aff'd In re Complaint of Sisson,* 867 F.2d 341 (7th Cir.1989) *rev'd Sisson v. Ruby,* 497 U.S. 358, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990)) did state that § 183(a) did not apply to pleasure craft, that statement was dicta, twice over,[2] and was not directly considered by either the Court of Appeals or the United States Supreme Court in their respective opinions. Therefore, the only cases cited by the Magistrate Judge which might still be said to have some degree of persuasive value are *Complaint of Roffe,* 724 F.Supp. 9 (D.P.R.1989) and *In re Tracey,* 608 F.Supp. 263 (D.Mass.1985). Upon reviewing *Complaint of Roffe* and *In re Tracey,* the Court finds the reasoning employed by these cases unpersuasive.

Both *In re Tracey* and, consequently, *Complaint of Roffe* base their holdings that § 183(a) does not apply to pleasure craft heavily upon the analysis and reasoning set out in *Baldassano.*[3] In holding that § 183(a) did not apply to pleasure craft, the court in *Baldassano* recognized that it was "precedent breaking." *Id.* at 419. However, the court stated that the "spirit of the Act" demanded that precedent be broken and that it "would be grossly unfair to apply the Act to the instant case." *Id.* at 418–19. Finally, the court stated that "this situation cries out for remedial adjudication, and this court cannot ignore the fundamental unfairness of the law as it exists." *Id.* at 420. As appealing as the cause may be, this Court cannot and will

not engage in the type of judicial legislation that *Baldassano* and the district courts which have followed its reasoning advocate.

Judicial anarchy would surely result were an inferior court to disregard both the law and precedent whenever the court's individual sense of "fairness" was offended by either or both. Adherence to the doctrine of *stare decisis* requires that a court resist such impulses. This Court further believes that in a tripartite system of government such as our own, its role is that of an arbiter of disputes influenced and controlled by precedent and the law, not that of a legislator. It is for Congress, the entity best suited to engage in the complicated and time consuming activity of collecting and analyzing the myriad of economic and policy concerns which are endemic in an issue such as this, to decide whether pleasure boats should be excluded from § 183(a). As such, the Court will decline the invitation to judicially legislate an exclusion to a law many may view as unfair or antiquated. It is therefore this Court's opinion that *Baldassano* and its progeny are of no persuasive value.

■ The weight of persuasive authority as to the question of whether or not § 183(a) applies to pleasure craft clearly holds that it does. Indeed, every circuit that has considered the question directly has held that § 183(a) applies to pleasure craft. To date, the second, fourth, fifth, sixth, ninth, and eleventh circuits have so held. *Matter of Guglielmo,* 897 F.2d 58 (2nd Cir.1990); *Complaint of Shaw,* 846 F.2d 73, 1989 AMC 116 (4th Cir.1988); *Richards v. Blake Builders Supply, Inc.,* 528 F.2d 745 (4th Cir.1975); *Gibboney v. Wright,* 517 F.2d 1054 (5th Cir. 1975); *In re Young,* 872 F.2d 176 (6th Cir. 1989); *Hechinger v. Caskie,* 890 F.2d 202 (9th Cir.1989); *Keys Jet Ski, Inc. v. Kays,* 893 F.2d 1225 (11th Cir.1990). In addition,

---

**2.** The district court in *Matter of Sisson* held that petitioner did not raise in his motion for reconsideration anything he could not have raised previously when the court dismissed petitioner's action for lack of subject matter jurisdiction. The court then added that even if the court reached the petitioner's argument, the Limitation of Liability Act 46 U.S.C.App. § 183 did not provide subject matter jurisdiction over the case. Finally, the court stated that even if the court reached the petitioner's argument and even if the

court found that subject matter jurisdiction existed, the court would be "inclined to agree with those courts refusing to extend the Limitation of Liability Act to pleasure craft." *Id.* at 1198.

**3.** Defendant in his Response to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss also relies heavily upon *Baldassano.*

the most recent district court opinions addressing this question have also found that § 183(a) applies to pleasure craft. *Hammersley v. Branigar Org., Inc.*, 762 F.Supp. 950 (S.D.Ga.1991) and *Complaint of Dillahey*, 733 F.Supp. 874 (D.N.J.1990). Finally, at least three Supreme Court cases, while not directly addressing the applicability of § 183(a) to pleasure craft, have assumed without discussion that the Limitations Act applies to pleasure craft. *See Coryell v. Phipps (The Seminole)*, 317 U.S. 406, 63 S.Ct. 291, 87 L.Ed. 363 (1943); *Just v. Chambers*, 312 U.S. 383, 61 S.Ct. 687, 85 L.Ed. 903 (1941); and *Spencer Kellogg & Sons v. Hicks*, 285 U.S. 502, 52 S.Ct. 450, 76 L.Ed. 903 (1932). While the stature and number of these cases is persuasive as to the applicability of § 183(a) to pleasure craft, so to is the reasoning employed by these cases.

The cases cited above as holding that § 183(a) applies to pleasure craft have so held because, *inter alia*, those courts have properly deferred any decision to exclude pleasure boats from § 183(a) to Congress. The plain language of § 183(a) states that the limitation of liability it affords applies to "any vessel." Section 188 of the Act states that:

> Except as otherwise specifically provided therein, the provisions of sections ... 183, 183b–187 ... of this title shall apply to all seagoing vessels and also to all vessels used on lakes or rivers....

Although "pleasure yachts" and other varieties of vessels are explicitly excluded from the term "seagoing vessel" for the purposes of §§ 183(b)–(e) by § 183(f), no similar exclusion of any form of pleasure craft applies to § 183(a). Congress has amended the Act three times yet still has not excluded pleasure boats from § 183(a).[4] Significantly, the last amendment of the Act took place in 1984, a point in time when Congress was well aware of the capability of the modern pleasure craft and the inclusion of such vessels in § 183(a) by both the Supreme Court (implicitly) and the circuit courts. Congress' failure to amend the language of the Act to exclude

pleasure craft from coverage under § 183(a) when considered with the Supreme Court's opinions which assume limitation of liability and the circuit courts' opinions which have explicitly held that § 183(a) applies to pleasure craft is strong support for the proposition that Congress intended to include pleasure craft in § 183(a). As such, this Court will join those courts that have refused to judicially legislate an exclusion of pleasure craft from § 183(a). Accordingly, the Court holds that § 183(a) applies to pleasure craft.

IT IS THEREFORE ORDERED that the Report and Recommendation of the Magistrate Judge [Doc. # 9] is **REJECTED** and Defendant's Motion to Dismiss [Doc. # 5] is **DENIED.** This case is referred back to the Magistrate Judge for further proceedings.

---

4. For detailed discussion of the Act and its subsequent amendments, see *Complaint of Dillahey*, 733 F.Supp. 874 (D.N.J.1990).