**Petition of Howard KLARMAN, 14 Harbor Road, Westport, Connecticut, owner of the SLOOP FLING, her engines, etc., for exoneration from or limitation of liability, civil and maritime.**

**No. 4788.**

United States District Court
D. Connecticut.

Dec. 19, 1968.

See also D.C., 270 F.Supp. 1001.

Frederick L. Comley and Dion W. Moore, of Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., for petitioner Howard Klarman.

Robert L. Julianelle and Leonard A. Schine, Bridgeport, Conn., for claimant Rose Santini.

David B. Beizer, Asst. Atty. Gen. of Conn., Hartford, Conn., for claimant State of Connecticut.

Robert K. Marzik, Stratford, Conn., for third-party defendants, Town of Westport and Frederick Kellogg, Jr.

TIMBERS, Chief Judge.

Claimant, Rose Santini, having moved, pursuant to Rule 56, Fed.R.Civ.P., for summary judgment dismissing the peti-

tion of a vessel owner who seeks exoneration from or limitation of liability pursuant to 46 U.S.C. § 183(a) ; and

The Court having received and considered the motions, pleadings, depositions, answers to interrogatories, briefs and all papers on file, and having heard oral argument by counsel on November 4, 1968 ; and

The Court being of the opinion .that claimant Santini's motion for summary judgment should be denied for the reasons that:[1]

(1) Contrary to claimant's assertion, petitioner as the owner of a pleasure craft is entitled to avail himself of the limitation and exoneration provisions of 46 U.S.C. § 183(a). This Court has squarely so held. Petition of Colonial Trust Company, 124 F.Supp. 73, 75 (D.Conn. 1954) (Anderson, D. J.). See Petition of Porter, 272 F. Supp. 282 (S.D.Tex. 1967) ; Petition of Landi, 194 F.Supp. 353 S.D.N.Y. 1960) ; Petition of Redding, 169 F.Supp. 165 (N.D. N.Y. 1958), aff'd, 271 F.2d 959 (2 Cir. 1959). The express exclusion in Section 183(f) of "pleasure yachts" from the term "seagoing vessel" as used in subsections (b), (c), (d), and (e) of Section 183, fairly implies that pleasure craft were intended to be included in Section 183(a), the only provision of the statute here applicable.

(2) Petitioner as the owner of the vessel having alleged (Petition, para. 7) freedom from privity or knowledge, his presence on the vessel and participation in the acts which led to the accident— assuming he handled the tow line —do not as a matter of law strip

---

1. For prior proceedings in this case, see Petition of Klarman, 270 F.Supp. 1001 (D.Conn.1967) (petitioner's motion to implead Town of Westport and Frederick Kellogg, Jr. as third-party defendants granted) ; Klarman v. Santini and State of Connecticut v. Town of Westport and Kellogg, Adm. 4788, D.Conn., December 5, 1967 (unreported) (third-party defendants' motion for summary judgment denied).

petitioner of his right to exoneration from or limitation of liability. In Blackler v. F. Jacobus Transportation Co., Inc., 243 F.2d 733, 735 (2 Cir. 1957) (per curiam), despite petitioner's allegation that he himself was handling the hawser aboard a tug at the time of the accident, denial of claimant's motion to dismiss a limitation petition was affirmed:

"The allegation in the petition that the petitioner was himself handling the hawser aboard the tug at the time of the accident is not incompatible with limitation of liability. 'Privity and knowledge' is a term of art meaning complicity in the fault that caused the accident, and if the petitioner is free from fault his actual knowledge of the facts of the accident does not prevent limitation. The 84-H, 2 Cir., 296 F. 427, certiorari denied 264 U.S. 596, 44 S.Ct. 454, 68 L.Ed. 867; 3 Benedict on Admiralty § 489 (6th Ed. 1940). Of course petitioner must establish such facts at trial."

See also Petition of Porter, supra; Petition of Landi, supra; Petition of Redding, supra.

(3) Finally, under the circumstances of this case, it strikes the Court that claimant's reliance on depositions and answers to interrogatories to resolve so critical an issue as petitioner's alleged complicity in the fault that caused the accident is particularly inappropriate. As the Court of Appeals for this Circuit held under similar circumstances in *Blackler*, supra, petitioner should be afforded the opportunity at trial to establish his freedom from fault, whatever may have been his actual knowledge of the facts of the accident. Moreover, all inferences to be drawn from the underlying facts contained in the material before the Court must be viewed in the light most favorable to petitioner as the party opposing the instant motion for summary judgment. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Gordon v. Vincent Youmans, 358 F.2d 261 (2 Cir. 1965); 6 Moore's Federal Practice ¶ 56.15 [3] (2d ed. 1966);

it is therefore

ORDERED that claimant Rose Santini's motion for summary judgment be, and the same hereby is, denied.