**In the Matter of the Complaint of BOCA GRANDE CLUB, INC. for Exoneration from or Limitations of Liability as Owner of a 16' Prindle Catamaran Sailing Vessel, Hull No. SURO6214M82E.**

No. 88–1636–CIV–T–17(A).

United States District Court, M.D. Florida, Tampa Division.

June 6, 1989.

David F. Pope, D. James Kadyk, MacFarlane, Ferguson, Allison & Kelly, Tampa, Fla., for plaintiffs.

Earl L. Denney, Christian D. Searcy, Trial Counsel and Pro Hac Vice applicant, Montgomery, Searcy & Denney, P.A., West Palm Beach, Fla., Wagner, Cunningham, Vaughan & McLaughlin, P.A., Tampa, Fla., for defendants.

## ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on motions to dismiss complaint, filed May 11, 1989, by Claimants Allen S. Polackwich, as personal representative of the Estate of Robert Polackwich and Stephanie Polackwich, as personal representative of the Estate of Jonathan Richards; and response thereto, filed on May 23, 1989.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1947).

The following facts are appropriate to consideration of this motion to dismiss. The deceased Robert Polackwich and Jonathan Richards rented a catamaran from the Boca Grande Club and were utilizing the catamaran for pleasure purposes only. The Boca Grande Club only rented the vessel for pleasure purposes. The vessel was blown into power lines and both Polackwich and Richards were electrocuted. The Boca Grande Club seeks to invoke the limitation or exoneration provisions of the admiralty statutes. The moving parties assert that the protection of those provisions are unavailable to owners of pleasure craft.

The relevant limitations provision is 46 U.S.C.App. Section 183, Section 183(a) states:

The liability *of the owner of any vessel,* whether American or foreign, for any embezzlement, loss, or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without

the privity or knowledge of such owner or owners, shall not, except in the cases provided for in subsection (b) of this section, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending. (emphasis added).

Elsewhere, the United States Code defines the term vessel to include "every description of watercraft or other artificial contrivance, used, or capable of being used, as a means of transportation on water." 1 U.S.C. Section 3.

The question of whether or not the limitations provision should or does apply to pleasure crafts has not been specifically addressed by the Supreme Court of the United States and the lower federal appellate and trial courts are split as to the appropriate answer to the inquiry.

■ Pleasure crafts are regarded as vessels for the purpose of asserting admiralty. *St. Hilaire Moye v. Henderson*, 496 F.2d 973 (8th Cir.1974), *cert. denied*, 419 U.S. 884, 95 S.Ct. 151, 42 L.Ed.2d 125 (1974). However, the cases cited by the moving parties decline to apply the limitations provision to pleasure crafts. *Baldassano v. Larsen*, 580 F.Supp. 415 (D.C.Minn. 1984); *Complaint of Tracey*, 608 F.Supp. 263 (D.C.Mass.1985); *Matter of Lowing*, 635 F.Supp. 520 (W.D.Mich.1986). Those courts found that though pleasure crafts are vessels for the purpose of asserting admiralty jurisdiction it does not follow that they are vessels for the purpose of the Limitation Act and found no valid rationale for allowing pleasure craft owners to benefit by the limitation provision.

Of precedential value to this Court, is *Gibboney v. Wright*, 517 F.2d 1054 (5th Cir.1975). In *Gibboney*, the panel acknowledged that contemporary thought "finds little reason" for application of the Limitation Act to pleasure craft. However, the Court went on to find that "the cases, as well as Congress have spoken with a clear voice. And we must heed their words." The Fifth Circuit has not overturned its finding of this case and declared that the act does not apply to pleasure craft.

The Eleventh Circuit has indicated their acceptance of the application of the limitation of liability act to pleasure craft. *Petition of M/V Sunshine, II*, 808 F.2d 762 (11th Cir.1987). The Eleventh Circuit in dicta, *Lewis Charters, Inc. v. Huckins Yacht Corp.*, 871 F.2d 1046 (1989), stated:

Appellant's reliance upon *Gibboney v. Wright*, 517 F.2d 1054 (5th Cir.1975), is also misplaced ... The principal issue was whether to apply the "somewhat drastic—for the injured claimants—provisions of the Limitation Act" to private owners of pleasure craft. *Id.* at 1057. The Court held that the Limitation Act applied. *We do not disagree with Gibboney* in that owners of pleasure vessels *may* limit their liability under the Limitation Act, while we recognize, as did the *Gibboney* court, that there is little reason for such a rule. (emphasis added).

See also, *Shaw v. Kidder*, 846 F.2d 73 (4th Cir.1988); *Endsley v. Young*, 872 F.2d 176 (6th Cir.1989).

The Court, upon due consideration, concludes that the Limitation of Liability Act is applicable, in this circuit, to owners of pleasure craft. Accordingly, it is

ORDERED that the motion to dismiss be denied.

DONE AND ORDERED.