**In the Matter of the Complaint of Carlton E. MYERS as the Owner of the Vessel with New York Registration Number 9376JS for Exoneration from or Limitation of Liability, Plaintiff/Petitioner.**

**No. CIV–89–519T.**

United States District Court, W.D. New York.

Oct. 2, 1989.

Roger G. Preston, Jr., Rochester, N.Y., for plaintiff.

Mousaw, Vigdor, Reeves, Heilbronner & Kroll (Richard A. Dollinger, of counsel), Rochester, N.Y., Nesbitt & Williams (John B. Nesbitt, of counsel), Palmyra, N.Y., for respondent.

## DECISION and ORDER

TELESCA, Chief Judge.

## INTRODUCTION

This action arises out of a collision of two pleasure boats on Lake Ontario. Plaintiff seeks to limit his liability for damages resulting from that collision pursuant to 46 U.S.C.App. § 183 ("Section 183" or the "Act"). Section 183 provides limitation of and/or exoneration from liability to the owner of a ship under certain circumstances.

Claimant Paul Lechner was given notice of the complaint pursuant to Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and now moves for summary judgment, stating that § 183 does not apply to pleasure boats. I agree, and for the reasons discussed below, grant claimant's motion for summary judgment.

---

## BACKGROUND

On August 20, 1988, plaintiff's vessel, a 16–foot runabout, collided with a 34–foot vessel owned by Roy Vanderbilt, while the two boats were navigating Sodus Bay on Lake Ontario. Plaintiff's son was piloting the boat at the time of the incident. Paul Lechner, a passenger aboard plaintiff's boat, was injured, and brought suit in New York State Court to recover for his damages.

Plaintiff subsequently filed this complaint pursuant to 46 U.S.C.App. § 183, alleging that, since the accident occurred without his "privity or knowledge," his liability, if any, is limited to the value of the boat itself, which he alleges to be $8,579.[1]

Claimant Lechner originally moved for summary judgment in July, 1989, alleging that the limitations provision in § 183 does not apply because the accident involved a collision between two pleasure boats. In opposing the summary judgment motion, plaintiff stated that a material issue of fact exists as to whether or not his 16–foot runabout is a pleasure boat. Lechner thereupon withdrew his motion for summary judgment and served interrogatories to determine whether the boat is a commercial or pleasure boat. Upon receipt of the answers to interrogatories from both Myers and claimant Vanderbilt, stating that their respective boats are pleasure boats, Lechner renewed the motion for summary judgment.

## DISCUSSION

This case requires me to decide whether the Act, enacted more than a century ago to protect America's fledgling commercial shipping industry, should be interpreted to include the 16–foot runabout involved in this case. In making that determination, I look first to the plain language of the statute; second, to binding precedent, if any, interpreting that statute; in the absence of dispositive guidance from either of these two sources, I look to the legislative history of the Act. *See Independent Bankers Association v. Marine Midland Bank, N.A.,* 757 F.2d 453, 460 (2d Cir.1985), *cert. denied,* 476 U.S. 1186, 106 S.Ct. 2926, 91 L.Ed.2d 554 (1986).

In relevant part, 46 U.S.C.App. § 183 provides:

> (a) the liability of the owner of any vessel ... for any damage, ... done ... without the privity or knowledge of such owner or owners, shall not ... exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

The statute does not expressly reach pleasure boats.[2] Thus, the plain language of the statute itself does not determine this case.

Reviewing the applicable case law from this Circuit and from the United States Supreme Court, I find no authority requiring this Court to hold that the owner of a pleasure boat has recourse to the limitation statute found at 46 U.S.C.App. § 183 when he is sued for personal injury and/or property damage allegedly caused by the negligent use of that pleasure boat.

The plaintiff argues that it is "well settled" in this Circuit that the provisions of the Act apply to pleasure boats. If that were the case, the grant of claimant's motion for summary judgment would require this Court to contradict precedent binding upon it. In considering this issue, the Court acknowledges that fidelity to such precedents, embodied in the doctrine of stare decisis, "is of fundamental importance to the rule of law[,]" *Welch v. Texas Department of Highways and Public Transportation,* 483 U.S. 468, 494, 107 S.Ct. 2941, 2957, 97 L.Ed.2d 389 (1987), that

---

1. While the record in this case does not state the amount claimed by Lechner as damages, it does allege that Lechner suffered "serious" damages, which the Court presumes exceed the stated value of plaintiff's boat.

2. Pleasure boats have been held impliedly included under § 183(a), since § 183(f) expressly excludes them from subsections (b)–(e) of the statute. *See Petition of Colonial Trust Co.,* 124 F.Supp. 73, 75 (D.Conn.1954). The language of these latter subsections, however, clearly indicates that they apply only to large seagoing vessels, and, thus distinguishes them from subsection (a). *See Matter of Lowing,* 635 F.Supp. 520, 524 (W.D.Mich.1986).

"any departure from the doctrine of stare decisis demands special justification[,]" *Arizona v. Rumsey*, 467 U.S. 203, 212, 104 S.Ct. 2305, 2311, 81 L.Ed.2d 164 (1984), and "that the burden borne by the party advocating the abandonment of an established precedent is greater where the Court is asked to overrule a point of statutory construction [since] considerations of stare decisis have special force in the area of statutory interpretation [where] the legislative power is implicated, and Congress remains free to alter what we have done." *Patterson v. McLean Credit Union*, — U.S. ——, 109 S.Ct. 2363, 2370, 105 L.Ed.2d 132 (1989) (citations omitted).

The Supreme Court has had an opportunity to discuss the reach of the Act to pleasure crafts on at least two occasions. *See Coryell v. Phipps (The Seminole)*, 317 U.S. 406, 63 S.Ct. 291, 87 L.Ed. 363 (1943) and *Just v. Chambers*, 312 U.S. 383, 61 S.Ct. 687, 85 L.Ed. 903 (1941). Neither case, however, required the Court to decide the question of whether the Act applies to pleasure boats. Each case rested on the determination of an independent issue (whether privity existed or whether the owner had knowledge of the use of the boat) which, decided in the negative, defeated the claims in their entirety and obviated the need to decide whether the Act applies to pleasure boats. Put differently, the Court never had to reach the issue before me in this case.

Related cases from within this Circuit are not more determinative. In *Reading v. Beaudin*, 271 F.2d 959 (2d Cir.1959), the Court affirmed in a memorandum decision the District Court's order granting a petition for complete exoneration from liability. The District Court had presumed, without so holding, that the Act applied to the collision between pleasure boats. ("It is true the size of the motor boat is unimportant under the Act and present judicial construction." (*In Matter of Reading*, 169 F.Supp. 165, 167 (N.D.N.Y.1958).)) In *Petition of Liebler*, 19 F.Supp. 829 (W.D.N.Y. 1937), the Court opined that "the motor boat in question, small though it was and used as it was for pleasure, comes within the meaning of a 'vessel' as used in the limitation statute." *Id.* at 833. The decision cites neither case law nor legislative history to support that opinion.

In *Complaint of Interstate Towing*, 717 F.2d 752 (2d Cir.1983), the Court similarly presumed that the Limitation Act applies to pleasure boats; the holding of that case, however, turns on a wholly unrelated issue of negligence law.

In *In Matter of Guglielmo*, 704 F.Supp. 352 (E.D.N.Y.1989), Judge Platt states:

> Claimant urges this Court to follow a recent trend in the First, Sixth, Seventh and Eighth Circuit Courts which has rejected the view that 46 U.S.C. § 183(a) applies to pleasure boats.... [W]e must reject, despite claimant's urging the recent trend ... as it does not reflect the state of the law in this Circuit.

A review of the cases cited by the Court in *Guglielmo*, however, demonstrates that "the law in this Circuit" does not expressly hold § 183 applicable to pleasure boats. In addition to citing *Interstate Towing*, *Guglielmo*, cites *Application of Theisen*, 349 F.Supp. 737, 740 (E.D.N.Y.1972), in which the Court states: "It is now well established that a petitioner, as owner of a pleasure craft is entitled to avail himself of [§ 183]," quoting *Petition of Klarman*, 295 F.Supp. 1021 (D.Conn.1968). Similarly, *Petition of Klarman* states that, "contrary to claimant's assertion, petitioner as the owner of a pleasure craft is entitled to avail himself of the limitation and exoneration provisions of 46 U.S.C.App. § 183(a). This Court has squarely so held[,]" citing *Petition of Colonial Trust Co.*, 124 F.Supp. 73, 74 (D.Conn.1954). In that case as well, however, the Court merely *presumed* the applicability of § 183 to pleasure boats, and more specifically held that there was no exception when pleasure craft were hauled out onto land or were in storage. I find that these cases have addressed questions concerning § 183 which merely "lurk in the record, neither brought to the attention of the Court nor ruled upon" in a reasoned fashion, and thus do not constitute precedent binding upon this

case. *See Webster v. Fall,* 266 U.S. 507, 511, 45 S.Ct. 148, 149, 69 L.Ed. 411 (1925).

In the absence of a facial statutory directive or of binding precedent, this Court looks to the legislative history of the Act to construe its meaning in this case.

The limitation of liability statute was first enacted in 1851.

Ship owners of other nations already enjoyed such protection under the laws of their lands, and it was the intent of Congress in passing this legislation to insure that American shipping no longer be at a competitive disadvantage. *See generally, The Maine v. Williams,* 152 U.S. 122, 14 S.Ct. 486, 38 L.Ed. 381 (1894); *Norwich & N.Y. Transport Co. v. Wright,* 80 U.S. (13 Wall) 104, 20 L.Ed. 585 (1871). Senator Hamlin of Maine, who introduced the legislation, explained that it was patterned after English law: "Why not give to those who navigate the ocean as many inducements to do so as England has done? ... That is what this bill seeks to do, and it asks no more." 23 Cong. Globe 331–32, 31st Cong., 2d Sess. (January 25, 1851).

*Baldassano v. Larsen,* 580 F.Supp. 415, 417 (D.Minn.1984).

In 1886, the statute was amended because of the growing commercial importance of inland waterways. *7A Moore's Federal Practice,* para. 215[5] (1988). In addition to allowing ship owners to limit liability on all seagoing vessels, the amended statute permitted owners of "all vessels used on lakes or rivers or in inland navigation, including canal boats, barges or lighters" to limit liability. Because the amendment was drafted in response to the increase of commerce on inland waterways, it signals no change from the initial intent of the statute.

The statute was further altered in 1935 and 1936 when subsections (b), (c), (d), (e), and (f) were drafted. As previously stated, these provisions only apply to large seagoing vessels, and thus conform to Congress's original intent to protect American commercial shipping.

The Supreme Court has recognized the essentially commercial nature of the Act:

The Act was adopted primarily to encourage the development of American merchant shipping.... It is, therefore, crystal clear that the operation of the Act is directed at misfortunes at sea where the losses incurred exceed the value of the vessel and pending freight.... The Act ... was not adopted to insulate ship owners from liability but merely to limit it to the value of the vessel *and the pending freight.*

*Lake Tankers Corp. v. Henn,* 354 U.S. 147, 77 S.Ct. 1269, 1271–73, 1 L.Ed.2d 1246 (1957) (emphasis added).

This Court acknowledges that other courts have held the Act applicable to pleasure boats. *See, e.g., Complaint of Boca Grande Club, Inc.,* 715 F.Supp. 341 (M.D.Fla.1989); *In re Young,* 872 F.2d 176, 177 (6th Cir.1989); *Application of Theisen,* 349 F.Supp. 737 (E.D.N.Y.1972); *Richards v. Blake Builders Supply, Inc.,* 528 F.2d 745 (4th Cir.1975); *Matter of Shaw,* 846 F.2d 73 (table) (4th Cir.1988), *reversing without published opinion* 668 F.Supp. 524 (S.D.W.Va.1987). Both judges and legal scholars, however, have severely criticized the Act's application to pleasure craft in the past 30 years. *See, e.g., Maryland Casualty Co. v. Cushing,* 347 U.S. 409, 437, 74 S.Ct. 608, 622–623, 98 L.Ed. 806 (1954) (Black, J., dissenting); *Matter of Lowing,* 635 F.Supp. 520 (W.D.Mich.1986), *abrogated by In re Young,* 872 F.2d 176 (6th Cir.1989); *Matter of Tracey,* 608 F.Supp. 263 (D.Mass.1985); *Baldassano v. Larsen,* 580 F.Supp. 415 (D.Minn.1984); *see also* 7A *Moore's Federal Practice* para. 215(5) (2d Ed.1988); Gilmore & Black, *The Law of Admiralty,* 882 (2d Ed.1975).

I agree with the reasoning of the latter courts and treatises and, because I am not constrained either by the plain language of the statute or by binding precedent to find otherwise, I hold that 46 U.S.C.App. § 183 does not apply to plaintiff's boat in this case.

Accordingly, claimant Lechner's motion for summary judgment is granted and the complaint dismissed with prejudice.

ALL OF THE ABOVE IS SO OR-DERED.