In the Matter of the Complaint of SEA-WISE, INC., Owner of 1979 Robbins Cruiser, "Gerry J," Celebrity Pleasure Craft, Hull Identification No. 609515 for Exoneration from or Limitation of Liability.

No. 96–693–CIV–ORL–18.

United States District Court, M.D. Florida, Orlando Division.

Aug. 15, 1997.

Christopher R. Fertig, Elizabeth Jane Gregovits, Fertig & Gramling, Ft. Lauderdale, FL, for Seawise, Inc.

Dale R. Hightower, Hightower & Rudd, P.A., Orlando, FL, for Continental Group.

## ORDER

G. KENDALL SHARP, District Judge.

In this case, petitioner Seawise, Inc. (Seawise) invokes the court's admiralty jurisdiction in an effort to limit its potential liability for damages resulting from a fire aboard a vessel it owned. To that end, Seawise brings this action as one in admiralty under Rule 9(h) of the Federal Rules of Civil Procedure and pursuant to the Limitation of Vessel Owner's Liability Act, codified at 46 U.S.C.App. §§ 181–196 (1994) (the Act). The case is presently before the court on Seawise's motion for summary judgment, to which the Continental Group and the Continental Insurance Company (Claimant) responded in opposition. Having reviewed the case file and relevant law, the court concludes, *sua sponte*, that this matter must be dismissed for a lack of subject matter jurisdiction.

### I. Factual Background

Seawise owned a forty-four-foot, 1979 Robbins Cruiser named the "Gerry J.," bearing the hull identification number 609515 (the Vessel). On November 23, 1995, at approximately 3:00 p.m., a fire occurred aboard the vessel while she lay in drydock for repairs. The repairs were being made at Sealove Boatworks, in Ponce Inlet, Florida, where the remains of the vessel are presently situated.

The fire apparently spread to and damaged a neighboring vessel insured by Claimant. Thus, in response to Seawise's compliance with the Act's procedural notice

requirements, Claimant filed a subrogated claim against Seawise in the amount of $34,911.09. It is from this claim that Seawise seeks exoneration from or limitation of liability pursuant to the Act. To date, no other claims have been filed.

## II. Legal Discussion

Seawise invokes only the court's admiralty jurisdiction as its procedural gateway to the federal forum, in which it seeks the protection of the Act. (Verified Complaint at ¶ 1.) Because the court doubts its jurisdiction to adjudicate this controversy, any discussion of the merits must follow a jurisdictional inquiry.

While neither party addressed the issue of subject matter jurisdiction, the court will not neglect it. Federal courts have an ongoing obligation to inquire into the soundness of subject matter jurisdiction whenever it is called into question, which may be done *sua sponte*. *Cheffer v. Reno*, 55 F.3d 1517, 1523 (11th Cir.1995) (citing *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir.1985)). Should the court lack subject matter jurisdiction, the case must be dismissed. *See* Fed.R.Civ.P. 12(h)(3) (West 1997) ("[w]henever it shall appear by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

In the case at bar, Seawise predicates its request for relief upon the Act. At present, the Act does not represent an independent source of admiralty jurisdiction. *Sea Vessel, Inc. v. Reyes*, 23 F.3d 345, 349 n. 6 (11th Cir.1994). Thus, Seawise must satisfy the traditional two-pronged test for admiralty jurisdiction before the court can address its substantive claim for relief under the Act.

To come within the court's admiralty jurisdiction, Seawise must first establish "locality" by demonstrating that the accident occurred on navigable waters or that an "injury suffered on land was caused by a vessel on navigable water." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534, 115 S.Ct. 1043, 1048, 130 L.Ed.2d 1024 (1995). In its verified complaint, Seawise alleges that the vessel was "undergoing repairs at Sealove Boatworks ... in Ponce Inlet, Florida." (Verified Complaint at ¶¶ 5, 7.) Seawise contends nothing more or less regarding locality in its legal memorandum supporting its motion for summary judgment. However, other submissions to the record confirm the court's suspicion that the vessel was on land, and not on navigable waters, when the fire at issue developed.

In responding to Seawise's motion for summary judgment, Claimant states that the vessel was "located on land at the Sea Love Boat Works marina." (Claimant's Memo. in Opposition at 2.) (emphasis added). Furthermore, Seawise submitted the affidavit of marine surveyor, Lawrence J. O'Pezio, who stated that the vessel suffered a fire while she was "stored ashore." (O'Pezio Aff. at ¶ 6.) This testimony is corroborated by deposition testimony of Timothy Wade, who was conducting the vessel's repairs. (Wade Depo. at 17, and Exhibit I thereto.) These facts of record fatally distinguish the case at bar from the several cases upon which Seawise relies in support of its motion for summary judgment. The vessels in those cases were involved in accidents of varying types while on navigable waters. *Sisson v. Ruby*, 497 U.S. 358, 360, 110 S.Ct. 2892, 2894–95, 111 L.Ed.2d 292 (1990) (fire occurred on board pleasure yacht docked at marina on navigable waters); *Coryell v. Phipps*, 317 U.S. 406, 407, 63 S.Ct. 291, 291–92, 87 L.Ed. 363 (1943) (damage to vessels afloat in mooring basin on navigable waterway); *Just v. Chambers*, 312 U.S. 383, 384, 61 S.Ct. 687, 689–90, 85 L.Ed. 903 (1941) (accident occurring on navigable waters within territorial limits of Florida); *Suzuki of Orange Park, Inc. v. Shubert*, 86 F.3d 1060, 1061–62 (11th Cir.1996) (personal injuries upon navigable waters); *In Matter of Keys Jet Ski, Inc. v. Kays*, 893 F.2d 1225, 1226 (11th Cir.1990) (collision in navigable waters just off beach); *Petition of M/V Sunshine II*, 808 F.2d 762, 763 (11th Cir.1987) (collision occurring in channel of navigable waterway); *Gibboney v. Wright*, 517 F.2d 1054, 1056 (5th Cir.1975) (flash-fire causing personal injuries on navigable waters); *In the Matter of the Complaint of Boca Grande Club, Inc.*, 715 F.Supp. 341, 342 (M.D.Fla. 1989) (accident aboard pleasure craft on navigable waters).

Thus, the record in the instant case establishes that the vessel was not on navigable waters when the fire erupted. That being the case, it is similarly impossible for the damage allegedly suffered aboard Claimant's vessel to have been caused by a vessel on navigable waters. Accordingly, Seawise cannot establish the locality element required for admiralty jurisdiction under either of the two avenues for doing so in an admiralty tort action. *See Great Lakes Dredge & Dock,* 513 U.S. at 534, 115 S.Ct. at 1048–49 (holding that locality established by either accident occurring on navigable waters or injury/damage suffered on land and caused by vessel on navigable water). As such, the court need not proceed to the "nexus" element of the test for admiralty jurisdiction. For this case must be dismissed.

### III.   Conclusion

Seawise initiated this action in admiralty seeking exoneration from or limitation of potential liability pursuant to the Limitation of Vessel Owner's Liability Act, codified at 46 U.S.C.App. §§ 181–196 (1994). To dispense the relief Seawise seeks, the court must first have a source of subject matter jurisdiction which the Act does not independently provide. The only subject matter jurisdiction Seawise invoked in pressing its claims was in admiralty. However, on the facts of record, the court concludes that admiralty jurisdiction is lacking due to an absence of the locality component of jurisdiction. Accordingly, without comment as to the substantive merits, Seawise's motion for summary judgment (Doc. 26) is **DENIED** as moot. This case shall be **DISMISSED** for a lack of subject matter jurisdiction in accordance with the foregoing discussion. Should the parties find it necessary, the court will entertain properly supported motions for reconsideration filed within ten (10) days.