702 So.2d 1349 (1997)
Julie DEE, Appellant,
v.
SEA RAY BOATS, INC., Appellee.
No. 97-487.
District Court of Appeal of Florida, Third District.
December 17, 1997.
Ginsberg & Schwartz and Hoppe & Stokes, and Todd R. Schwartz, Miami, for appellant.
Mitchell, McAlpin, Brais and Bruce R. Marx, Miami, for appellee.
Before GODERICH, FLETCHER and SHEVIN, JJ.
SHEVIN, Judge.
Julie Dee appeals an order dismissing with prejudice her loss of consortium claim, brought in conjunction with her husband Richard Dee's personal injury negligence action, against defendant Sea Ray Boats, Inc. We reverse.
In its motion to dismiss the amended complaint, Sea Ray asserted that Dee could not state a cause of action for loss of consortium because the action falls under general maritime law which does not recognize this claim. We hold that the court erred in granting Sea Ray's motion on this basis.
"On a motion to dismiss, the trial court is necessarily confined to the well-pled facts alleged in the four corners of the complaint," Jordan v. Griley, 667 So.2d 493, 493 (Fla. 3d DCA 1996), and is "required to treat the factual allegations of the complaint as true and to consider those allegations in the light most favorable to plaintiffs." Hollywood Lakes Section Civic Ass'n, Inc. v. City of Hollywood, 676 So.2d 500, 501 (Fla. 4th DCA 1996). Dee's amended complaint states: "On October 2, 1995 the vessel was supported on blocks on the grounds of the Palm Beach Yacht Club in Lantana, Florida." As this allegation demonstrates, the boat was not in navigable waters; the boat was on dry land, not in dry dock, and hence, the case does not fall under the aegis of general maritime law.
In Sisson v. Ruby, 497 U.S. 358, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990), the Supreme Court followed Executive Jet Aviation, Inc. v. City of Cleveland, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972), which set forth the two-part test to determine whether a matter falls under general maritime law: the first prong, the "locality" test, asks whether the injury occurs in navigable waters, Sisson, 497 U.S. at 360-61, 110 S.Ct. at 2894-95; the second prong, the "nexus" test, asks whether the tort had a significant relationship to a traditional maritime activity. Sisson, 497 U.S. at 361, 110 S.Ct. at 2895.
This case fails the locality (or "situs") test.[1] In David Wright Charter Serv. of N. Car. v. Wright, 925 F.2d 783 (4th Cir.1991), the court held that a boat in a shed, on land, 75 feet away from the water did not satisfy the situs test. The Lewis Charters, Inc. v. Huckins Yacht Corp., 871 F.2d 1046 (11th *1350 Cir.1989), court held that a boat stored in a marina's paint building was withdrawn from navigation and failed the situs test. In In re Complaint of Seawise, Inc., 975 F.Supp. 1466 (M.D.Fla.1997) the court was presented with an issue similar to the one in this case. The Seawise record on appeal demonstrated that the vessel was "located on land at the Sea Love Boat Works Marine," and that the "vessel suffered a fire while she was `stored ashore.'" Seawise, 975 F.Supp. at 1467. Based on these allegations the court concluded that the locality requirement for admiralty jurisdiction could not be established because the boat was not on navigable waters. Id., at 1477. As in those cases, the Dee complaint alleges the vessel was on land on blocks for repair purposes, not in the water or in dry dock. Therefore, the boat was removed from navigation, and not in navigable waters.
Sea Ray's reliance on M/V Sea Lion, Inc. v. Reyes (In re Sea Vessel, Inc.), 23 F.3d 345 (11th Cir.1994), is misplaced because the Dee complaint does not allege that the boat was in dry dock. The issue before the court in In re Sea Vessel, was: "Whether a vessel in dry dock on a navigable waterway is in or on navigable waters for purposes of admiralty jurisdiction." In re Sea Vessel, 23 F.3d at 348. Sea Vessel followed The Robert W. Parsons, 191 U.S. 17, 24 S.Ct. 8, 48 L.Ed. 73 (1903), wherein the Supreme Court addressed the issue of whether a dry dock was an extension of land. The Supreme Court stated:
"We are unwilling to admit this proposition. A dock is an artificial basin in connection with a harbor, used for the reception of vessels.... A dry dock differs from an ordinary dock only in the fact that it is smaller, and provided with machinery for pumping out the water in order that the vessel may be repaired.... Had the vessel been hauled up by ways upon the land and there repaired, a different question might have been presented[.]"
The Robert W. Parsons, 191 U.S. at 33-34, 24 S.Ct. at 13-14, quoted in In re Sea Vessel. In holding that the dry dock was not an extension of land and was considered navigable waters, the Court expressed the distinction exemplified by the facts before us: A boat on blocks, on dry land, is not in dry dock and is therefore not on navigable waters. A boat in dry dock is in "a space which is dry only at times, after the water has been pumped out. Otherwise, it [the dry dock] is a space which does consist of `navigable waters[.]'" Torres v. City of New York, 177 A.D.2d 97, 581 N.Y.S.2d 194, appeal denied, 80 N.Y.2d 759, 589 N.Y.S.2d 309, 602 N.E.2d 1125 (1992), cert. denied, 507 U.S. 986, 113 S.Ct. 1584, 123 L.Ed.2d 151 (1993). The complaint in this case states that the boat was on land, up on blocks. This is not an allegation that the boat was in dry dock. Therefore, general maritime law is not invoked by the allegations in the amended complaint.
In summary, the case is not one under the auspices of general maritime law because the boat was withdrawn from navigation. Therefore, the court erred in dismissing the loss of consortium claim for failure to state a cause of action. We reverse the order of dismissal and remand with directions that the court permit Ms. Dee to proceed with her loss of consortium claim under Florida law.
Reversed and remanded.
NOTES
[1] As the locality test is not satisfied, we need not address the nexus test. In re Complaint of Seawise, Inc., 975 F.Supp. 1466, 1468 (M.D.Fla. 1997).